THE STATE OF OHIO, APPELLEE, *v*. CAMPBELL, APPELLANT.

**[Cite as *State v. Campbell*, 100 Ohio St.3d 361, 2003-Ohio-6804.]**

*Criminal law — Amendment to criminal charge from one subparagraph of R.C. 4511.19(A) to another subparagraph of the same subsection does not change the name and identity of the charged offense within the meaning of Crim.R. 7(D).*

(No. 2003-0045 — Submitted October 7, 2003 — Decided December 31, 2003.)

CERTIFIED by the Court of Appeals for Hamilton County, No. C-010727, 2002-Ohio-6064.

_____

SYLLABUS OF THE COURT

The amendment of a criminal charge from one subparagraph of R.C. 4511.19(A) to another subparagraph of the same subsection does not change the name and identity of the charged offense within the meaning of Crim.R. 7(D).

_____

**O'CONNOR, J.**

{¶1} We are presented with a question of law certified by the First District Court of Appeals as having received conflicting answers from the various districts. To harmonize the application of the laws of the state of Ohio, we hold that the amendment of a criminal charge from one subparagraph of R.C. 4511.19(A) to another subparagraph of the same subsection does not change the name and identity of the charged offense within the meaning of Crim.R. 7(B).

{¶2} Christopher Campbell was cited for driving while under the influence of alcohol in violation of R.C. 4511.19 following an automobile collision on May 26, 2001. On Campbell's citation, the arresting officer recorded Campbell's "blood alcohol concentration" as ".203" and checked a box indicating

that he obtained this result via a breath test. This information indicates that Campbell violated R.C. 4511.19(A)(6). The officer, however, mistakenly indicated that the charge was for violation of R.C. 4511.19(A)(5), which may be charged following a blood test. Campbell was charged with violating R.C. 4511.19(A)(5) and 4511.19(A)(1) and with failure to control his motor vehicle.

{¶3} On August 28, 2001, the state moved that the R.C. 4511.19(A)(5) charge be amended to a charge of violating R.C. 4511.19(A)(6). The motion was granted over Campbell's objection, and the cause was reset for trial. On September 27, 2001, Campbell changed his plea to no contest on the (A)(6) charge. The state dropped the (A)(1) charge and the charge of failure to control. Campbell was found guilty of violating R.C. 4511.19(A)(6) and sentenced accordingly.

{¶4} On appeal, Campbell argued that amending the charge violated Crim.R. 7(D). Noting conflicting opinions from other appellate districts, the court of appeals affirmed the conviction and certified the conflict to us. Upon due consideration, we affirm the court of appeals.

{¶5} We were faced with an analogous question in *State v. Spirko* (1991), 59 Ohio St.3d 1, 570 N.E.2d 229. In *Spirko*, we unanimously affirmed a conviction and death sentence where the defendant claimed undue surprise because the state had amended the charge to allege a violation of a different paragraph of the same statute. "[I]t is clear that the state merely caused the correct section number to be applied to the indictment. The language itself was not changed, and it is unclear how defendant can claim that he was 'surprised' in any way." Id. at 21, 570 N.E.2d 229. This reasoning holds true here.

{¶6} The officer clearly indicated that he determined alcohol concentration by a breath test. Despite the officer's erroneous reference to R.C. 4511.19(A)(5), the substantive information provided on the citation provided ample warning to Campbell that he was charged with violating R.C.

4511.19(A)(6). There is no prejudice to the defendant and no surprise, undue or otherwise.

**{¶7}** Subparagraphs (2) through (7) of R.C. 4511.19(A) have the same name and identity—driving with specified concentrations of alcohol in bodily substances. The only difference among them is the particular bodily substance and thus the method by which evidence is obtained to prove the offense.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Michael K. Allen and Philip R. Cummings, for appellee.

Richard Feil III, for appellant.

_____