[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Criminal Appeal From Hamilton County Municipal Court, Trial No. 03TRD-32589.
Affirmed.
 DECISION.
{¶ 1} Defendant-appellant Christopher Wiest appeals his conviction for failing to maintain an assured clear distance ahead in violation of Cincinnati Municipal Code 506-8. We affirm.
 {¶ 2} Wiest was driving a car on August 8, 2003, when he struck a car in front of him. An officer called to the scene issued Wiest a citation for an assured-clear-distance-ahead ("ACDA") violation. But the officer checked the "ORC" box under the statutory section, indicating a violation of R.C. 506-8. There is no such section. But there is a Cincinnati Municipal Code 506-8, and the officer later modified the citation accordingly by checking the "CMC" box (the only other box on that part of the ticket) before filing it with the trial court.
 {¶ 3} Wiest, acting pro se, moved to dismiss the case for failure to state a claim and ambiguity on August 19. When he filed his motion with the clerk, he signed a time waiver. Wiest was not happy with this, and he wrote an objection on the time waiver itself. Wiest also demanded discovery. At a hearing on August 26, the trial court denied his motion to dismiss, continued the case for trial, and charged the time for the continuance to the state.
 {¶ 4} The trial was held on September 10. Wiest again moved to dismiss the case, this time on speedy-trial grounds. The trial court denied his motion and found Wiest guilty, imposing a $20 fine plus court costs.
 {¶ 5} Wiest now appeals and assigns three errors: (1) the trial court should have granted his motion to dismiss for failure to state an offense and ambiguity; (2) the trial court should have granted his motion to dismiss on speedy-trial grounds; and (3) the trial court erred by not obtaining a waiver of counsel on the record or in writing. We overrule all three assignments of error.
 I. The Motion to Dismiss Based on the Citation {¶ 6} In his first assignment of error, Wiest argues that the trial court should have granted his motion to dismiss for failure to state a claim and ambiguity.
 {¶ 7} The state may amend a traffic ticket that omits necessary information or includes a clerical error as long as (1) the original traffic ticket has given the defendant notice of the true nature of the offense; (2) the defendant has not been deprived of a reasonable opportunity to prepare a defense; and (3) the amendment merely clarifies or amplifies the information in the original ticket.[1]
 {¶ 8} And a complaint prepared under Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged in a manner that can be readily understood by a person making a reasonable attempt to understand[2]
 {¶ 9} Wiest now argues that the officer checked two competing boxes on the ticket and that it therefore failed to state an offense. But the officer checked "Speed" and "ACDA." The assured-clear-distance-ahead standard is simply a way to evaluate whether a driver has been traveling at an excessive speed.[3] Wiest's argument is therefore unavailing.
 {¶ 10} Wiest next argues that the officer's mistake regarding the "ORC" and "CMC" boxes warranted dismissal.
 {¶ 11} In State v. Campbell,[4] the Ohio Supreme Court held that a ticket that cited the wrong subsection of the Revised Code adequately advised the defendant of the charged offense. There, the ticket stated that the defendant had taken a breath test and had been driving under the influence of alcohol. The ticket charged Campbell with a violation of R.C.4511.19(A)(5), which prohibited driving with a prohibited concentration of alcohol in the blood. The state amended the charge to a violation of R.C. 4511.19(A)(6), which prohibited driving with a prohibited concentration of alcohol in the breath. The court held that the amended ticket did not change the name or the identity of the charge against him.[5]
 {¶ 12} In Mayfield Heights v. Parker,[6] the Eighth Appellate District held that a ticket that had the wrong ordinance number adequately advised the defendant of the charge. There, the original ticket had a checked box for driving under the influence and cited Mayfield Heights Ordinance 331.01(A)(1). But that ordinance referred to the offense of driving on the right side of a road, so the state amended the complaint to reflect Mayfield Heights Ordinance 333.01(A)(1), the city's DUI ordinance. The court held that the original citation gave the defendant notice of the true nature of the offense.
 {¶ 13} In the present case, the ticket cited Wiest for speeding and "ACDA." Further, the correct number (506-8) was on the citation, with the wrong statutory source checked. We believe that this constituted a citation that could readily be understood by a person making a reasonable attempt to understand it. The ticket adequately advised Wiest of the charge against him.
 {¶ 14} Wiest further argues that the copy of the citation served on the defendant controls, not any amended citations. In support of his position, Wiest cites State v. McKenna,[7]
which reversed the defendant's conviction because the officer had changed the date of the offense but had failed to serve the amendment on the defendant. There, the defendant never received a copy of the amended citation, which had been changed to reflect a different date of the offense. Wiest cites a number of other cases to support his position, but none of them are as on-point as McKenna.
 {¶ 15} In the present case, Wiest received a copy of the amended citation. And the citation itself adequately apprised him of the charge.
 {¶ 16} Wiest also claims that he was prejudiced by the delay in receiving the amended citation. He asserts that his ignorance of the charge prohibited him from working out an early plea bargain and that he was prejudiced because he was forced to serve discovery on the city, which then tolled his speedy-trial time. Neither of these arguments have any merit.
 {¶ 17} In his final argument concerning the ticket, Wiest argues that the officer's failure to serve a copy of the amended citation on Wiest as soon as possible constituted reversible error.[8] But as we have already noted, Wiest was adequately advised of the charge against him, received the amended ticket, and was not prejudiced by any of the officer's or the state's actions. Any error that might have occurred regarding the officer's duty to serve an amended copy of the ticket on Wiest as soon as possible was harmless.
 {¶ 18} For all of the reasons above, the trial court properly denied Wiest's motion to dismiss for failure to state a claim and ambiguity.
 II. Speedy Trial {¶ 19} In his second assignment, Wiest argues that the trial court erred in failing to dismiss the charge because his speedy-trial time had expired before trial. But Wiest's trial fell within the statutory period after his motions tolled the time.
 {¶ 20} A person against whom a minor misdemeanor is pending must be brought to trial within 30 days of the person's arrest or service of summons.[9] But the defendant's motions or actions may extend that time.[10] Further, requests for discovery are also tolling events for speedy-trial purposes.[11]
 {¶ 21} Wiest was cited on August 8, 2003. Had nothing else happened, Wiest's trial should have started no later than September 7, 2003. But Wiest requested discovery and filed a motion to dismiss on August 19. So the time period from August 19 until the August 26 hearing did not count against the state for speedy-trial purposes. That gave the trial court until September 14 to bring Wiest to trial. Wiest's trial was held on September 10, which fell within the speedy-trial requirement because of the delay caused by Wiest's motion to dismiss and demand for discovery.
 {¶ 22} Wiest now argues that because he moved to compel discovery, his time was not tolled.[12] But Wiest misinterprets the law. He is correct that time is not tolled where the defendant has filed a demand for discovery, the state does not timely provide such discovery, and the defendant must file a motion to compel.[13] Once the trial court enters an order compelling discovery or granting a continuance, the resulting continuance should be charged against the state if the state's delay has been willful and prejudicial to the defense, and the continuance does not toll the speedy-trial time.[14] In the present case, the trial court continued the trial until September 10 to give Wiest time to prepare because he had not received any discovery. The trial court noted on its entry that the time was charged to the state. This was the appropriate procedure. The time between his motion for discovery and the court's granting a continuance still tolled Wiest's speedy-trial time. And, as we have already discussed, that same time was also tolled because Wiest filed a motion to dismiss.
 {¶ 23} As a practical matter, any other ruling would have been nonsensical. Allowing a defendant to file any motions he pleases while not tolling the speedy-trial time would open the door for severe abuse of the system. This would essentially grant criminal defendants the ability to bury the state with paperwork and then claim a "gotcha" when they are not brought to trial on time.
 {¶ 24} Wiest complains that he signed a time waiver under duress because the assignment commissioner's office would not accept his motions unless he did so. Because this is not in the record, we cannot address it; but, if true, it would be troubling. The motion itself operates to toll time, so any "requirement" of signing a time waiver is inappropriate and superfluous. Because Wiest's motion to dismiss tolled his speedy-trial time from August 19 to August 26, we need not comment on Wiest's argument concerning his motion to compel.
 {¶ 25} We therefore overrule Wiest's second assignment of error.
 III. Waiver of Counsel {¶ 26} Wiest's third assignment alleges that the trial court erred by not obtaining a waiver of counsel on the record or in writing. But no waiver was required in this case.
 {¶ 27} In cases where there is no possibility of confinement, the trial court need not provide counsel or obtain a waiver.[15] The maximum penalty in the present case was a $100 fine. There was no possibility that Wiest would be confined. The trial court did not have to obtain a waiver of counsel.
 {¶ 28} We therefore overrule Wiest's third assignment of error.
 {¶ 29} Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Winkler, P.J., and Doan, J., concur.
[1] Mayfield Heights v. Parker, 8th Dist. No. 80974, 2003-Ohio-1502, citing Cleveland Heights v. Perryman (1983),8 Ohio App.3d 443, 457 N.E.2d 926.
[2] Barberton v. O'Connor (1985), 17 Ohio St.3d 218,478 N.E.2d 803; State v. McGuire, 2nd Dist. No. 19782, 2003-Ohio-4716.
[3] Cincinnati Municipal Code 506-8.
[4] 100 Ohio St.3d 361, 2003-Ohio-6804, 800 N.E.2d 356.
[5] Id.
[6] 8th Dist. No. 80974, 2003-Ohio-1502.
[7] (Apr. 14, 1997), 5th Dist. No. 96 CA 00085.
[8] See Traf.R. 3(C).
[9] R.C. 2945.71(A).
[10] R.C. 2945.72(E).
[11] State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040,781 N.E.2d 159.
[12] See State v. Benge (Apr. 24, 2000), 12th Dist. No. CA99-05-095, appeal denied, 90 Ohio St.3d 1406, 734 N.E.2d 836.
[13] See, generally, Crim.R. 16(E)(3).
[14] State v. Wamsley (1991), 71 Ohio App.3d 607,594 N.E.2d 1123.
[15] See, e.g., Sheffield Village v. Poltis (Dec. 9, 1998), 9th Dist. No. 97CA006881; State v. Sturgill, 3rd Dist. No. 2-01-34, 2002-Ohio-1766.