OPINION
{¶ 1} Appellant, Gentry William Freeman, appeals the judgment entered by the Trumbull County Court of Common Pleas. Freeman received a sixteen-year prison sentence following his guilty pleas to one count of voluntary manslaughter and one count of kidnapping.
 {¶ 2} The following version of the facts was presented by the state at the change of plea hearing. In April 2002, Freeman encountered Denise Angelo in Warren, Ohio. Freeman gave Angelo a ride in his vehicle. After a short time, Freeman and Angelo began arguing, and Angelo called Freeman a "nigger." In response, Freeman ordered Angelo out of his vehicle.
 {¶ 3} Freeman returned to his residence off of North Road. Thereafter, he walked north on North Road and encountered Angelo a second time. This encounter escalated into a physical altercation, with Freeman tackling Angelo to the ground and hitting her.
 {¶ 4} A day or two after the incident, Freeman anonymously called 9-1-1 and reported something in the ditch near North Road. The police responded and found Angelo's body with forty-four stab wounds. Freeman's voice was later identified as the 9-1-1 caller. He gave a statement to the police, wherein he admitted to the verbal and physical altercations with Angelo, but denied that he stabbed her. However, the state and defense stipulated to Freeman taking a polygraph examination. During the examination, Freeman admitted that he possessed a knife, which the state believed was the weapon involved in Angelo's death.
 {¶ 5} Freeman was indicted on two counts of aggravated murder and one count of kidnapping. He originally pled not guilty to these charges. Freeman filed a motion to suppress his statement to the police, which the trial court denied.
 {¶ 6} A change of plea hearing was held. At the hearing, the state moved to amend the indictment. Count 1 of the indictment, aggravated murder, was amended from murder to voluntary manslaughter, in violation of R.C. 2903.03(A), a first-degree felony. Count 2 of the indictment, aggravated murder, was dismissed. In addition, although the reasons for doing so were not formally discussed on the record, Count 3 of the indictment was amended from kidnapping, in violation of R.C. 2905.01(A)(3), to kidnapping, in violation of R.C. 2905.01(A)(2). Following the amendment of the indictment, the kidnapping charge remained a first-degree felony. After the trial court advised Freeman of his rights, Freeman pled guilty to the amended charges. In addition, he signed a document captioned "finding on guilty plea to amended indictment," which contained the relevant statutory sections of the offenses, as well as a definition of each offense. The document also reflected a joint sentence recommendation of sixteen years.
 {¶ 7} The trial court accepted Freemen's guilty plea. On December 17, 2003, the trial court imposed the agreed sentence of sixteen years. This sentence consisted of an eight-year sentence for the voluntary manslaughter conviction and an eight-year sentence for the kidnapping conviction, with the sentences running consecutively.
 {¶ 8} Freeman did not file a notice of appeal within thirty days, as required by App.R. 4(A). However, he filed a motion for delayed appeal, pursuant to App.R. 5. This court granted Freeman's motion for delayed appeal.
 {¶ 9} Freeman raises four assignments of error. His first assignment of error is:
 {¶ 10} "The trial court erred to the prejudice of defendant-appellant by meting out separate, consecutive prison sentences for the offenses of voluntary manslaughter and kidnapping when such crimes constituted allied offenses of similar import under the facts of this case, thereby violating the R.C. 2941.25 statutory codification of the double jeopardy clause proscription against multiple punishments for the same criminal conduct."
 {¶ 11} Ohio's statute addressing allied offenses of similar import is R.C. 2941.25, which provides:
 {¶ 12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 14} The appropriate test for determining whether certain crimes are allied offenses of similar import is whether "the elements of the crimes `"correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import."'"[1] The Supreme Court of Ohio has held that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract."[2]
 {¶ 15} In this matter, Freeman was convicted of voluntary manslaughter and kidnapping. The Eighth Appellate District has held that voluntary manslaughter and kidnapping are not allied offenses of similar import.[3] The Eighth District noted that kidnapping requires restraint of the victim's liberty, while voluntary manslaughter requires killing the victim under the influence of a sudden bout of rage or passion. Thus, the court concluded that each of the offenses contains an element that is absent in the other offense.[4] We agree with this analysis. The elements of the offenses are different, so voluntary manslaughter and kidnapping are not allied offenses of similar import.
 {¶ 16} Since voluntary manslaughter and kidnapping are not allied offenses of similar import, the trial court did not err by convicting Freeman of both offenses and ordering the sentences be served consecutively.
 {¶ 17} Freeman's first assignment of error is without merit.
 {¶ 18} Freeman's second assignment of error is:
 {¶ 19} "The state deprived defendant-appellant of due process of law by unilaterally changing the nature and identity of the kidnapping count which had been formally indicted by the grand jury with no subsequent request for an amendment thereof, thereby opening up the door for appellant to be convicted of a kidnapping offense for which he was never charged."
 {¶ 20} Freeman argues he was prejudiced by the amended indictment involving the kidnapping count. Freeman was charged with kidnapping in violation of R.C. 2905.01, which provides, in part:
 {¶ 21} "(A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 22} "(1) * * *
 {¶ 23} "(2) To facilitate the commission of any felony or flight thereafter;
 {¶ 24} "(3) To terrorize, or to inflict serious physical harm on the victim or another[.]"
 {¶ 25} Originally, the indictment charged Freeman with kidnapping in violation of R.C. 2905.01(A)(3). The amended indictment charged Freeman with kidnapping in violation of R.C.2905.01(A)(2).
 {¶ 26} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."[5]
 {¶ 27} Initially, we will address whether the indictment was, in fact, amended. In the case sub judice, the following colloquy occurred at the change of plea hearing:
 {¶ 28} "THE COURT: Mr. Morrow, is there a proposed amendment?
 {¶ 29} "Mr. Morrow [Assistant Prosecutor]: There is, Your Honor. The State would move to amend the indictment on Count 1 from one of aggravated murder with capital specifications to one of voluntary manslaughter, a felony of the first degree. Count 3 would remain the same, kidnapping, a felony of the first degree. And the State would be nolleying Count 2 of the indictment."
 {¶ 30} Later in the proceeding, the trial court informed Freeman as follows:
 {¶ 31} "You're now charged in the Amended Indictment as follows, Count 1 is voluntary manslaughter, a felony of the first degree in violation of Section 2903.03. And Count 3 is kidnapping, a felony of the first degree in violation of Section2905.01. In order to be convicted of those counts the State would have to prove the elements of each count beyond a reasonable doubt.
 {¶ 32} "* * *
 {¶ 33} "As to Count 3, that you did in Trumbull County, Ohio, by force, threat or deception by any means, shall remove another from the place where the other person was found or restrained the liberty of the other person to facilitate the commission of any felony of flight thereafter."
 {¶ 34} This court has upheld a conviction based on an orally amended indictment.[6] Moreover, the language of Crim.R. 7(D) supports the notion that an indictment may be amended orally, as it permits amendments "during trial."
 {¶ 35} We recognize that the ideal method would be to have the state file a motion to amend the indictment, followed by the court issuing a judgment entry amending the indictment. However, the nature of the plea bargaining process presents practical difficulties in resolving this issue in a formal, written manner. The state's motion to amend the indictment is conditional upon the defendant accepting the plea agreement. In the instant matter, the state eliminated the two aggravated murder charges in exchange for Freeman's guilty plea. As a practical matter, this could only occur contemporaneously with Freeman's guilty plea, at the plea hearing itself.
 {¶ 36} In the case sub judice, the trial court orally amended the indictment at the change of plea hearing. The state moved to amend the indictment as part of the plea-bargain process. The trial court granted the motion, in that Count 1 of the indictment was amended from aggravated murder to voluntary manslaughter and Count 2 of the original indictment, aggravated murder, was dismissed. In addition, the trial court amended the indictment regarding the kidnapping count. The trial court read the new kidnapping charge to Freeman in open court. Further, the court questioned Freeman as to whether he understood the "finding on guilty plea to amended indictment" form, which Freeman and the trial court both signed. On this form, the elements of the new kidnapping charge are printed, along with the corresponding amended code section.
 {¶ 37} It could be argued that the assistant prosecutor's comment, "Count 3 will remain the same," indicated that the motion to amend the indictment did not pertain to the kidnapping count. We disagree. The assistant prosecutor was generally informing the court of the nature of the proposed amended indictment. His comment that count 3 would remain the same is correct, in that the count remained kidnapping, and continued to be a first-degree felony. As will be discussed infra, the only part of the count that changed was the purpose for restraining the victim, which did not change the name or identity of the offense.
 {¶ 38} Based on the totality of the circumstances of the change of plea hearing, the trial court amended the kidnapping charge in the indictment from the bench in open court.
 {¶ 39} We will now address whether the trial court erred by amending the indictment. The Supreme Court of Ohio has held that an amendment of an indictment changing the count to a different subparagraph of the same statute does not change the name or identity of the crime charged.[7] In State v. Campbell,
the relevant statute was R.C. 4511.19(A), which prohibits driving under the influence of alcohol, and the change in subparagraphs concerned the manner in which the alcohol was detected.[8]
The Supreme Court of Ohio held that it was clear that the evidence was obtained through a breath test, thus, the defendant had "ample warning" as to the proper charge and the defendant was not prejudiced by the amendment.[9]
 {¶ 40} In this matter, the amended indictment indicated there was a new "purpose" for the crime of kidnapping. However, the new charge did not substantially change the nature of the offense. Freeman was charged with restraining the liberty of another for the purpose of committing of a felony, rather than restraining the liberty of another for the purpose of inflicting serious physical harm on the victim. In this matter, the "felony" referenced was, presumably, voluntary manslaughter or, at a minimum, felonious assault. Both of these felonies, by definition, require serious physical harm to be inflicted on the victim. Therefore, Freeman had ample warning as to the nature of the amended count, and the trial court did not err by amending the indictment regarding the kidnapping charge.
 {¶ 41} Moreover, this court has held where "a defendant agrees to the amendment [of the indictment] pursuant to a plea agreement, the amendment is valid regardless of whether it changed the name or identity of the crime charged."[10] The court reasoned that Crim.R. 7(D) is intended to protect the defendant, thus, the defendant can waive the protections it provides.[11] In State v. Bartelson, the defendant voluntarily signed a document entitled "`Finding on Guilty Plea to Amended Indictment,'" and the written guilty plea specifically set forth the new charge in the amended indictment.[12]
 {¶ 42} In the case sub judice, the guilty plea form contained the amended kidnapping charge. It specifically indicates that Freeman restrained the liberty of another "to facilitate the commission of any felony or flight thereafter." Also, the trial court, on the record at the change of plea hearing, read the amended charged to Freeman. Accordingly, Freeman was apprised of the details and contents of the amended charge. Finally, we note that Freeman never objected to the amendment of the indictment.
 {¶ 43} The trial court did not err by amending the indictment. Further, Freeman has not demonstrated that he was prejudiced by the perceived error.
 {¶ 44} Freeman's second assignment of error is without merit.
 {¶ 45} Freeman's third assignment of error is:
 {¶ 46} "Defendant-appellant was denied the effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 47} In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance."[13] Moreover, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed."[14]
 {¶ 48} In addition, this court has held, "in order to establish ineffective assistance of counsel at a guilty plea hearing, the defendant must show that, but for counsel's errors, there was a reasonable probability that they would not have pled guilty to the offense."[15]
 {¶ 49} First, as noted in our analysis of Freeman's first two assignments of error, no error occurred in regard to Freeman's arguments about allied offenses of similar import and amending the indictment. Since we found that no error occurred, defense counsel's representation cannot be deemed ineffective for her failure to object to these instances at the trial court level.
 {¶ 50} Next, the issues of allied offenses of similar import and when an indictment can be amended are complex legal concepts. Freeman contends that his trial counsel was ineffective for failing to explain these to him. While the record does not conclusively indicate whether defense counsel discussed these topics with Freeman, her failure to do so would not render her representation deficient. Defense counsel had a duty to represent Freeman; however, this duty does not entail explaining the legal reasoning of every facet of the case, so long as the defendant generally understands the nature of the proceedings. This is especially true in instances such as this, when no error has occurred.
 {¶ 51} Moreover, for the following reasons, we conclude Freeman was not prejudiced by any perceived error, thus, his argument would still fail under the State v. Bradley analysis. Freeman knowingly signed the change of plea form. This document clearly states the offenses he was pleading guilty to, with the statutory numbers and definitions of the statutes. In addition, the form clearly specifies the joint recommendation that the offenses be served consecutively, with a total prison term of sixteen years. Also, both of these issues were addressed by the court at the change of plea hearing, where Freeman indicated he understood them. Finally, at the change of plea hearing, Freeman affirmatively stated that he was entering his plea of his own free will.
 {¶ 52} The trial court imposed a sixteen-year sentence for the two convictions, exactly what Freeman bargained for. Freeman was facing aggravated murder charges, which, if he were convicted, carry a sentence of death or life imprisonment.[16] Thus, Freeman has not demonstrated that he was prejudiced by counsel's performance or that he would not have entered the guilty pleas despite the performance.
 {¶ 53} Freeman's third assignment of error is without merit.
 {¶ 54} Freeman's fourth assignment of error is:
 {¶ 55} "The trial court erred to the prejudice of defendant-appellant by imposing consecutive sentences under R.C.2929.14(E) without stating its underlying reasons and justifications for doing so on the record in open court in direct violation of R.C. 2929.19(B)(2)(c) and State v. Comer (2003),99 Ohio St.3d 463."
 {¶ 56} The Supreme Court of Ohio has recently addressed this specific issue, holding:
 {¶ 57} "Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence. Pursuant to R.C. 2953.08(D), compliance with R.C. 2929.19(B)(2)(c) and State v.Comer[17] is not required."[18]
 {¶ 58} Since Freeman agreed to the sentence pursuant to R.C.2953.08(D), the trial court did not have to comply with the mandates set forth in R.C. 2929.19(B)(2)(c) and State v. Comer.
 {¶ 59} Freeman's fourth assignment of error is without merit.
 {¶ 60} The judgment of the trial court is affirmed.
Colleen MARY O'Toole, J., concurs.
[1] (Citations omitted.) State v. Rance (1999),85 Ohio St.3d 632, 636.
[2] (Emphasis in original.) Id., at paragraph one of the syllabus.
[3] State v. Cobbins, 8th Dist. No. 82510, 2004-Ohio-3736, at ¶ 60.
[4] Id.
[5] Crim.R. 7(D).
[6] State v. Earle (1997), 120 Ohio App.3d 457, 466-467.
[7] State v. Campbell, 100 Ohio St.3d 361, 2003-Ohio-6804, syllabus.
[8] Id. at ¶ 2.
[9] Id. at ¶ 6.
[10] State v. Bartelson (Sept. 27, 1996), 11th Dist. No. 95-T-5322, 1996 Ohio App. LEXIS 4203, at *3-4.
[11] Id., citing State v. Cook (1987), 35 Ohio App.3d 20, paragraph three of the syllabus.
[12] Id. at *8.
[13] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth in Stricklandv. Washington (1984), 466 U.S. 668.
[14] Id. at 143, citing Strickland, 466 U.S. at 697.
[15] State v. Gibson, 11th Dist. No. 2001-T-0094, 2002-Ohio-3153, at ¶ 19, citing State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at *7.
[16] R.C. 2929.02(A).
[17] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
[18] State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, paragraph three of the syllabus.