{¶ 35} I respectfully dissent from the majority's decision to reverse Pignaloso's conviction on the ground that the lower court impermissibly amended the traffic citation at trial. The lower court is entitled to make such amendments, sua sponte, at any time and, in the present case, did so without prejudice to Pignaloso.
 {¶ 36} Ohio Criminal Rule 7(D) provides: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." "Courts should allow liberal amendment of traffic tickets, in particular, because they are typically prepared by law enforcement officers who lack formal legal *Page 9 
training and because they are intended to provide a less formal means for the efficient disposal of traffic offenses. Traffic tickets are legally sufficient if they describe the nature of the offense and refer to the statute or ordinance allegedly violated even though the description fails to allege all of the essential elements of the offense charged." State v. Campbell, 150 Ohio App.3d 90, 2002-Ohio-6064, at ¶ 7 (citations omitted), affirmed State v. Campbell, 100 Ohio St.3d 361,2003-Ohio-6804.
 {¶ 37} In the present case, Pignaloso was cited for Wrongful Entrustment of a Motor Vehicle, which may be committed by permitting another to use one's vehicle when the other has suspended driving privileges or is alcohol impaired under R.C. 4511.19. R.C.4511.203(A)(1) and (4) respectively. Neither subsection (A)(1) nor (A)(4) alter the name or the identity of the crime of Wrongful Entrustment of a Motor Vehicle.
 {¶ 38} The person to whom Pignaloso entrusted her vehicle was charged both with Driving under Suspension and Operating a Vehicle Under the Influence of Alcohol.
 {¶ 39} The citation issued to Pignaloso only referred to subsection (4) of the statute, entrusting a vehicle to an alcohol impaired driver, although it was not necessary for the officer to identify any particular subsection of R.C. 4511.203. Lakewood v. Cirino (Feb. 1, 2001), 8th Dist. No. 78057, 2001 Ohio App. LEXIS 361, at *6.
 {¶ 40} However, prior to the commencement of trial, both the municipal court judge and the prosecutor referred to the charge as "allowing another individual to drive a motor vehicle knowing that they were under suspension or under the influence of an alcoholic beverage." The prosecution proffered evidence that Pignaloso knew that the driver had a suspended license and was alcohol impaired. *Page 10 
 {¶ 41} Pignaloso realized that the prosecution was proceeding under both subsections (A)(1) and (A)(4) at the time defense counsel moved for acquittal at the close of the prosecution's case. Over Pignaloso's objection, the trial court amended the complaint to include section (A)(1) and found that the prosecution had made a prima facie case under both sections. Pignaloso's trial counsel then sought leave to recall one of the prosecution's witnesses for further cross-examination. The trial court allowed defense counsel to call or recall "whomever you want."
 {¶ 42} Subsequent to the amendment of the citation, Pignaloso took the stand and testified that she knew the driver did not have a driver's license and that he had had "a couple of drinks."
 {¶ 43} Thus, not only was the trial court authorized to amend the citation, but Pignaloso cannot claim surprise or prejudice.
 {¶ 44} Finally, the trial court found Pignaloso guilty of violating both subsections (A)(1) and (A)(4), but only sentenced her for one violation. Accordingly, even were it error to have amended the citation to include subsection (A)(1), such error was harmless since Pignaloso was found guilty of violating both sections but only sentenced for the violation of subsection (A)(4). Cf. State v. Stambaugh (Sept. 30, 1999), 11th Dist. No. 97-T-0230, 1999 Ohio App. LEXIS 4656, at *10 ("even if the two crimes were allied offenses of similar import, he suffered no prejudice as he was only given one sentence").
 {¶ 45} For the foregoing reasons, the judgment of the trial court should be affirmed. *Page 1