OPINION
{¶ 1} Appellant Jon A. Wise appeals the decision of the Cambridge Municipal Court, Guernsey County, Ohio which found him guilty on one count of operating a motor vehicle while under the influence of alcohol, a first degree misdemeanor in violation of R.C. 4511.19(A) (1) (a) and one count of operating a motor vehicle without being in reasonable control, a minor misdemeanor in violation of R.C. 4511.202. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 18, 2007, at 5:30 a.m., Trooper Maurice Waddell of the Ohio State Highway Patrol responded to a crash scene in Guernsey County, Ohio, on Route 513 just north of Interstate 70. When Trooper Waddell arrived he observed a Ford vehicle located in a ditch at the Shell service station. Trooper Waddell spoke with appellant who was standing outside the vehicle. Trooper Waddell noticed a strong odor of alcohol coming from appellant. Trooper Waddell also noticed a beer can lying outside the vehicle.
 {¶ 3} Because the accident had occurred on private property, Trooper Waddell contacted the Guernsey County Sheriff's Department to request a deputy be dispatched *Page 3 
to the scene. In the meantime, Trooper Waddell asked appellant if he was the driver of the vehicle. Initially appellant said no.
 {¶ 4} Deputy Glen Wills of the Guernsey County Sheriff's Department arrived at the scene. Upon contact with appellant, Deputy Wills noticed a strong odor of alcohol, several empty beer cans around the vehicle, several empty beer cans inside the vehicle, slightly bloodshot eyes, and further noted the fact that appellant's emotions went from irate one minute to calm the next minute and then back to irate.
 {¶ 5} Deputy Wills also questioned appellant as to whether or not he was the operator of the motor vehicle. Again, the appellant initially denied that he was the operator. However, when the officers told appellant that the service station had a video surveillance camera which would show who had gotten out of the car, appellant admitted that he was the driver. Appellant also admitted to having consumed alcohol earlier at his mother's residence in Pennsylvania and that his mother did not want him to leave, but he left due to an argument with his girlfriend.
 {¶ 6} Appellant was charged with OVI, driving under an FRA suspension and operating a motor vehicle without being in reasonable control. On November 21, 2007 defendant signed a written consent to have his arraignment conducted by a magistrate. On the same date the magistrate conducted the arraignment, defendant pled "not guilty," and the magistrate amended the charge from 4511.19(A) (1) by writing on the entry "Amended to 4511.19(A) (1) (a) and scheduled the case for a trial by Magistrate on January 22, 2008.
 {¶ 7} On January 22, 2008 defendant appeared without counsel before the court. The magistrate then conducted the trial and found defendant guilty of "failure to control" *Page 4 
4511.202 and OVI 4511.19(A) (1) (a), and not guilty of "FRA suspension." On January 23, 2008, the Judge adopted and approved the decision of the magistrate. The Court sentenced defendant to 90 days of incarceration; suspended 70 days, placed the defendant on probation for 12 months.
 {¶ 8} On January 31, 2008 defendant filed a "pro se" appeal and requested court appointed counsel to handle his appeal. On February 12, 2008 the court appointed counsel to represent defendant to handle the appeal. Defendant's court-appointed counsel filed a motion for stay of judgment on February 15, 2008 which the trial granted on February 21, 2008.
 {¶ 9} Appellant has raised the following four errors for our consideration:
 {¶ 10} "I. THE TRIAL COURT ERRED BY FAILING TO INFORM DEFENDANT OF HIS RIGHT TO TRIAL BY THE JUDGE, BY REFERRING THE TRIAL TO A MAGISTRATE WITHOUT THE UNANIMOUS CONSENT OF THE PARTIES, AND FAILING TO OBTAIN A VALID WAIVER OF HIS RIGHT TO HAVE HIS TRIAL CONDUCTED BY THE JUDGE.
 {¶ 11} "II. WHETHER THE TRIAL COURT ERRED IN AFFORDING THE DEFENDANT OF HIS RIGHT TO COURT APPOINTED COUNSEL AS GUARANTEED BY THE U.S. AND OHIO CONSTITUTIONS.
 {¶ 12} "III. WHETHER THE MAGISTRATE AMENDED THE CITATION AT THE START OF TRIAL TO ALLEGE A VIOLATION OF R.C. 4511.19(A) (1) (a).
 {¶ 13} "IV. WHETHER INSUFFICIENT EVIDENCE WAS PRESENTED AT TRIAL TO CONVICT DEFENDANT AND WHETHER THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 5 
 {¶ 14} Preliminarily, we must address appellant's failure to file any objections to the magistrate's decision with the trial court. Appellant presents no reasons as to why no objections were filed with the trial court.
 {¶ 15} Crim. Rule 19(D) controls decisions by a Magistrate in criminal cases. The rule provides, in relevant part:
 {¶ 16} "(b) Objections to magistrate's decision.
 {¶ 17} "(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Crim. R. 19(D) (4) (e) (i).
 {¶ 18} "(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.
 {¶ 19} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim. R. 19(D) (3) (b).
 {¶ 20} Because he failed to object, appellant cannot challenge factual issues on appeal. "An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Lefort v.Century 21-Maitland Realty Co., 32 Ohio St.3d at 123, 512 N.E.2d at 643, citing Stores *Page 6 Realty Co. v. Cleveland, 41 Ohio St.2d at 41, 322 N.E.2d at 629;Seaburn v. Seaburn, Stark App. No. 2004CA00343, 2005-Ohio-4722 at ¶ 45.
 {¶ 21} "However, we note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision on this issue does not bar appellate review of "plain error."In re: Lemon, Stark App. No. 2002 CA 00098, 2002-Ohio-6263 (citingR.G. Real Estate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737; Timbercreek Village Apts. v. Myles (May 28, 1999), Montgomery App. No. 17422; Tormaschy v. Weiss (July 6, 2000), Richland App. No. 00CA01)." Seaburn, supra at ¶ 46; Crim. Rule 19(D) (3) (b) (iv).
 {¶ 22} Two requirements must be satisfied before a reviewing court may correct an alleged plain error: first, the reviewing court must determine whether there was an "error," that is, a deviation from a legal rule, and, second, the reviewing court must engage in a specific analysis of the trial court record, a so-called "harmless error" inquiry, to determine whether the error affected substantial rights of the criminal defendant. State v. Fisher (Ohio, 06-11-2003)99 Ohio St.3d 127, 789 N.E.2d 222, 2003-Ohio-2761 The defendant bears the burden of demonstrating that a plain error affected his substantial rights.United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770;State v. Perry (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240; State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus; Perry, supra, at 118,802 N.E.2d at 646. The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly. "Notice of plain error under *Page 7 
Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. See, also, State v.Thompson (1987), 33 Ohio St.3d 1, 10, 528 N.E.2d 542; State v.Williford (1990), 49 Ohio St.3d 247, 253, 551 N.E.2d 1279 (Resnick, J., dissenting).
 {¶ 23} Although appellant has not raised the issue of plain error in his assignments of error, this court will review them under the plain error standard. Seaburn, supra at ¶ 47.
 I. {¶ 24} In his first assignment of error appellant argues, in essence, that he did not knowingly consent to have his case tried by a magistrate rather than a judge. We disagree.
 {¶ 25} Crim. Rule 19 defines the authority of magistrates. The rule provides, in relevant part:
 {¶ 26} "(C) Authority
 {¶ 27} "(1) Scope. To assist courts of record and pursuant to reference under Crim. R. 19(D) (1), magistrates are authorized, subject to the terms of the relevant reference, to do any of the following:
 {¶ 28} "* * *
 {¶ 29} "(h) Conduct the trial of any misdemeanor case that will not be tried to a jury. If the offense charged is an offense for which imprisonment is a possible penalty, the matter may be referred only with unanimous consent of the parties in writing or on the record in open court." (Emphasis added). *Page 8 
 {¶ 30} Appellant was informed that the magistrate would conduct his trial by Judgment Entry filed November 21, 2007. Further appellant signed a "Recognizance Bond" on that same date that contains the following,
 {¶ 31} "The condition of this recognizance is such that if the above bound defendant personally be and appear before the Cambridge Municipal Court on:
 {¶ 32} "01-22-07 at 10:30AM for TRIAL BY COURT MAGISTRATE."
 {¶ 33} (Emphasis in original). Prior to commencement of trial, appellant signed a written consent to have the case heard by the magistrate. The form further states: that appellant "waives his/her right to appear before the Judge." The court informed the appellant "The document that you are signing, Mr. Wise, allows me to go ahead and take care of this matter." (T., January 22, 2008 at 3). The trial court reviewed the magistrate's decision in accordance with Crim. R. 19 (D) (4) (c), which states "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."
 {¶ 34} In the case at bar, we find no plain error affecting appellant's substantial rights. There is nothing in the record to demonstrate that the judge would have decided the case any differently than the magistrate had the judge heard the case.
 {¶ 35} Appellant's first assignment of error is denied.
 II. {¶ 36} In his second assignment of error, appellant contends that the trial court failed to fully explain to him his right to court appointed counsel. We disagree. *Page 9 
 {¶ 37} At appellant's arraignment, the magistrate explained "You have a right to get an attorney, you don't have to say. . .make any plea until you get an attorney. If you can't afford one, you can ask to have an attorney appointed to represent you. . .you don't have to have an attorney. You can represent yourself. If you have any question as to what you should do, we suggest you get an attorney." (T. May 15, 2008 at 4).
 {¶ 38} Prior to the start of appellant's trial the following exchange occurred:
 {¶ 39} "THE COURT: Mr. Wise, on the 21st day of November, you entered a plea of not guilty. Is it still your intention to continue with your not guilty plea?
 {¶ 40} "THE DEFENDANT: Yes, your Honor.
 {¶ 41} "THE COURT: All right. I would have advised you on that date of course, that you had a right to be represented by counsel. Are you going to be representing yourself here today, Mr. Wise?
 {¶ 42} "THE DEFENDANT: Yes, sir.
 {¶ 43} "THE COURT: All right, so you are waiving your right to counsel?
 {¶ 44} "THE DEFENDANT: Yes, sir.
 {¶ 45} (T., January 22, 2008 at 3-4).
 {¶ 46} There is a distinction made between "serious" and "petty" offenses. Crim. R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months," while Crim. R. 2(D) defines "petty offense" as "a misdemeanor other than a serious offense." In the case at bar, all of the charges against appellant were "petty" offenses.
 {¶ 47} Crim. R. 44 states:
 {¶ 48} "(B) Counsel in petty offenses *Page 10 
 {¶ 49} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 50} "(C) Waiver of counsel
 {¶ 51} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in seriousoffense cases the waiver shall be in writing." (Emphasis added.)
 {¶ 52} Crim. R. 22 provides that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded." (Emphasis added.)
 {¶ 53} "At the very least, then, any waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533 at ¶ 24.
 {¶ 54} As the Ohio Supreme Court held in State v. Wellman (1974),37 Ohio St.2d 162, 66 O.O.2d 353, 309 N.E.2d 915, at paragraph two of the syllabus, "[presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Carnley v. Cochran, 369 U.S. 506 [82 S.Ct. 884,8 L.Ed.2d 70], followed.)" *Page 11 
 {¶ 55} In all cases where the right to counsel is waived, the court "must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." State v.Gibson (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus. "For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant." Brooke, supra at ¶ 54.
 {¶ 56} In the case at bar, the court explained to appellant that he had a right to have an attorney. Two months later, prior to the start of trial the court asked appellant if he was waiving his right to have counsel. "Arguably, this question relates to [the] voluntariness of [his] choice to proceed without an attorney." Brooke, supra at ¶ 53.
 {¶ 57} Appellant was aware that he had the right to have counsel and if he could not afford counsel the court would appoint counsel to represent him. We conclude that the record shows an intelligent and voluntary waiver of the right to counsel.
 {¶ 58} Appellant's second assignment of error is denied.
 III. {¶ 59} In his third assignment of error appellant maintains that the magistrate did not have the authority to amend the OVI charge in his case. We disagree.
 {¶ 60} Crim. R. 19(C) (2) provides, in relevant part, "(2)Regulation of proceedings. In performing the responsibilities described in Crim. R. 19(C)(1), magistrates are authorized, subject to the terms of the relevant reference, to regulate all proceedings as if by the court and to do everything necessary for the efficient performance of those responsibilities . . ." *Page 12 
 {¶ 61} Crim. R. 7(D) provides in part: "[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *"
 {¶ 62} As noted in our disposition of appellant's first assignment of error appellant consented to have his case heard by the magistrate. Accordingly, the magistrate had the authority to amend the charge to state the correct subsection of R.C. 4511.19.
 {¶ 63} "Courts should allow liberal amendment of traffic tickets, in particular, because they are typically prepared by law enforcement officers who lack formal legal training and because they are intended to provide a less formal means for the efficient disposal of traffic offenses. Traffic tickets are legally sufficient if they describe the nature of the offense and refer to the statute or ordinance allegedly violated even though the description fails to allege all of the essential elements of the offense charged." State v. Campbell,150 Ohio App.3d 90, 779 N.E.2d 811, 2002-Ohio-6064, at ¶ 7 (citations omitted), affirmed State v. Campbell, 100 Ohio St.3d 361, 800 N.E.2d 356,2003-Ohio-6804.
 {¶ 64} The Supreme Court of Ohio has held that an amendment of an indictment changing the count to a different subparagraph of the same statute does not change the name or identity of the crime charged. InState v. Campbell, supra, the relevant statute was R.C. 4511.19(A), which prohibits driving under the influence of alcohol, and the change in subparagraphs concerned the manner in which the alcohol was detected. *Page 13 
The Supreme Court of Ohio held that it was clear that the evidence was obtained through a breath test, thus, the defendant had "ample warning" as to the proper charge and the defendant was not prejudiced by the amendment.
 {¶ 65} In the case at bar, the amendment was made during appellant's arraignment on November 21, 2007.
 {¶ 66} "4511.19 Driving while under the influence of alcohol or drugs;tests; presumptions; penalties; immunity for those withdrawingblood
 {¶ 67} "(A) (1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 68} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them . . ."
 {¶ 69} The citation in appellant's case originally referred to R.C. 4511.19(A) (1). (T., November 21, 2007 at 7). It is readily apparent that R.C. 4511.19(A) (1) does not set forth the complete offense. As this was a refusal, the amended section R.C. 4511.19(A) (1) (a) was the logical choice there being no chemical tests to show the concentration of alcohol in appellant's breath, blood or urine. Despite the officer's erroneous reference to R.C. 4511.19(A)(1), the substantive information provided on the citation provided ample warning to appellant that he was charged with violating R.C. 4511.19(A)(1)(a). Appellant had two months after the amendment was made to prepare for trial.
 {¶ 70} There was no prejudice to the appellant and no surprise, undue or otherwise.
 {¶ 71} Appellant's third assignment of error is denied. *Page 14 
 IV. {¶ 72} In his fourth assignment of error, appellant contends that his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 73} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating that "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259 at 273,574 N.E.2d 492 at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503.
 {¶ 74} Weight of the evidence addresses the evidence's effect of inducing belief. State v. Wilson, 713 Ohio St.3d 382, 387-88,2007-Ohio-2202 at ¶ 25-26; 865 N.E.2d 1264, 1269-1270. "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? Even though there may be sufficient evidence to support a conviction, a reviewing court can still reweigh the evidence and reverse a lower court's holdings." State v. Wilson, supra. However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, supra,78 Ohio St.3d at 387. (Quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721). *Page 15 
Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, supra.
 {¶ 75} Employing the above standard, we believe that the state presented sufficient evidence from which the trier of fact could conclude, beyond a reasonable doubt, that appellant committed the offenses of OVI and operating a motor vehicle without being in reasonable control.
 {¶ 76} Appellant was convicted under R.C. 4511.19(A) (1) which requires the State to prove that appellant's driving was impaired through consumption of alcohol. R.C. 4511.19, states in pertinent part: "(A) (1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." Appellant was not charged with violating R.C. 4511.19(A)(1)(b), the "per se" section, which would have required the State to prove that he drove with a prohibited blood or breath alcohol content.
 {¶ 77} The phrase "under the influence of intoxicating liquor" has been defined as "[t]he condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle."Toledo v. Starks (1971), 25 Ohio App .2d 162, 166. See, also, State v.Steele (1952), 95 Ohio App. 107, 111 ("[B]eing `under the influence of alcohol or intoxicating liquor' means that the accused must have consumed some intoxicating beverage, whether mild or potent, and *Page 16 
in such quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess"). See,State v. Henderson, 5th Dist. No. 2004-CA-00215, 2005-Ohio-1644 at ¶ 32. [Citing State v. Barrett (Feb. 26, 2001), Licking App. No. 00CA 47].
 {¶ 78} Circumstantial evidence will sustain a conviction for driving under the influence. State v. Neff, 104 Ohio App. 289, 148 N.E.2d 236
(1957); Starks, 25 Ohio App.2d at 163, 267 N.E.2d at 827. "Proof of factual circumstance concerning the defendant's conduct and activities preceding and following the driving of the vehicle [one] is charged to have driven while under the influence of intoxicating liquor is relevant to the ultimate issue of whether [a] defendant was driving a vehicle while under the influence of intoxicating liquor." Starks,25 Ohio App.2d at 163, 267 N.E.2d at 827.
 {¶ 79} The evidence produced at trial supports the inference that appellant's consumption of alcohol on the night in question adversely affected his actions, reactions, conduct, movement or mental processes or impaired his reactions to an appreciable degree, thereby lessening his ability to operate his car on the night in question.
 {¶ 80} This Court must afford the decision of the trier of fact concerning credibility issues the appropriate deference. We will not substitute our judgment for that of the trier of fact on the issue of witness credibility unless it is patently clear that the fact finder lost its way. State v. Parks, 3rd Dist. No. 15-03-16, 2004-Ohio-4023, at ¶ 13, citing State v. Twitty, 2nd Dist. No. 18749, 2002-Ohio-5595, at ¶ 114. "A fundamental premise of our *Page 17 
criminal trial system is that 'the jury is the lie detector.' UnitedStates v. Barnard, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the `part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' Aetna LifeIns. Co. v. Ward, 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371
(1891)". United States v. Scheffer (1997), 523 U.S. 303, 313,118 S.Ct. 1261, 1266-1267.
 {¶ 81} The Supreme Court of Ohio has held that virtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated. City of Columbus v. Mullins (1954),162 Ohio St. 419, 421, 123 N.E.2d 422. In addition, a police officer may provide lay testimony as to his or her opinion regarding a defendant's lack of sobriety. State v. Holland (Dec. 17, 1999), Portage App. No. 98-P-0066, at 5.
 {¶ 82} In the case at bar, Deputy Glenn Willis testified that in his opinion appellant was under the influence.
 {¶ 83} Evidence of a refusal to submit to a chemical test can be used against a defendant at trial. See Columbus v. Mullins (1954),162 Ohio St. 419, 55 O.O. 240, 123 N.E.2d 422; and Westerville v. Cunningham
(1968), 15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40.
 {¶ 84} In the case at bar, appellant refused to submit to a portable breath test at the scene and subsequently to any chemical test.
 {¶ 85} "Being involved in a single-vehicle accident with no significant outside factors is circumstantial evidence of erratic driving. Further, the fact that the driver *Page 18 
leaves the scene of a single-vehicle accident, which occurs in the early morning hours, suggests that the driver may have been impaired at the time of the accident. In State v. Holland, the driver, who ultimately was convicted of OVI, left the scene of a single-vehicle accident that occurred about 4:00 a. m. In this matter, the fact that Heiney was injured in the accident, yet still failed to report it or seek medical assistance, further supports the conclusion that she was impaired at the time of the accident." State v. Heiney, Portage App. No. 2006-P-0073,2007-Ohio-1199 at ¶ 23.
 {¶ 86} In the case at bar, the appellant was outside the vehicle when the officers arrived. The vehicle was located in a ditch. The officers observed several cans of empty beer around the vehicle. Several empty beer cans were found inside the vehicle. Appellant initially denied that he was the driver of the vehicle. However, when the officers informed appellant that they would retrieve a video tape from the gas stations surveillance camera, appellant admitted to driving the car. Appellant told the officers that he had been talking on his cell phone and missed the turn resulting in the car ending up in the ditch. Appellant admitted that he had been drinking earlier in the evening.
 {¶ 87} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crimes of OVI and operating a motor vehicle without being in reasonable control.
 {¶ 88} We hold, therefore, that the state met its burden of production regarding each element of the crimes and, accordingly, there was sufficient evidence to support appellant's convictions. *Page 19 
 {¶ 89} Although appellant presented the testimony of his girlfriend who claimed to have driven the car that night and then fled the scene, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 90} The trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the [trier of fact] need not believe all of a witness's testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61,67, 197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992), 79 Ohio App. 3d 667, 607N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 91} In the case at bar, the magistrate heard the witnesses, evaluated the evidence, and was convinced of appellant's guilt. After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the convictions. The court did not create a manifest injustice by concluding that appellant was guilty of the crimes charged in the citation. *Page 20 
 {¶ 92} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest injustice to require a new trial.
 {¶ 93} Appellant's fourth assignment of error is denied.
 {¶ 94} For the foregoing reasons, the judgment of the Cambridge Municipal Court is affirmed.
 By Gwin, P.J., Wise, J., and Delaney, J., concur *Page 21 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court is affirmed. Costs to appellant. *Page 1