[Cite as *Sunbury v. Sullivan*, 2012-Ohio-3699.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| THE VILLAGE OF SUNBURY, OHIO | : | Sheila G. Farmer, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11CAC030025 |
| | : | |
| | : | |
| GARY M. SULLIVAN | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Civil Appeal from Delaware Municipal
                                  Court Case No. 10TRC07891

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           August 13, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PETER B. RUFFING                          JOHN R. CORNELY
Prosecuting Attorney                      21 Middle Street
Justice Center                            P.O. Box 248
70 N. Union Street                        Galena, Ohio  43021-0248
Delaware, Ohio  43015

*Edwards, J.*

{¶1} Defendant-appellant, Gary Sullivan, appeals his conviction and sentence from the Delaware Municipal Court on one count each of use of unauthorized (fictitious) plates, driving under an OVI suspension, operating a vehicle while under the influence of alcohol and refusing a chemical test and driving under an FRA suspension. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2} On August 17, 2010, a complaint was filed charging appellant with driving under the influence of alcohol and/or drugs and refusing a chemical test in violation of R.C. 4511.19(A)(2), operating a motor vehicle while under an OVI [operating a vehicle under the influence of alcohol] suspension in violation of R.C. 4510.14(A), use of unauthorized (fictitious) license plates in violation of R.C. 4549.08(A), driving under an FRA suspension in violation of R.C. 4510.16, and having no valid operator's license in violation of R.C. 4510.12. The complaint indicated that appellant had six (6) prior OVIs. Appellant entered a plea of not guilty to the charges.

{¶3} A jury trial was held on February 8, 2011. On such date, a joint stipulation was filed stating that the parties agreed that appellant had been convicted of OVI on May 27, 2008 in another case, that appellant's driver's license had been suspended for 10 years and was under suspension on August 16, 2010 and that, on August 16, 2010, appellant was not permitted to drive.

{¶4} At the trial, Deputy Larry Dore testified that, on August 16, 2010, at approximately 7:17 p.m., he was sitting in uniform in a marked cruiser at State Route 61 and Route 3 in Sunbury, Ohio when he was flagged down by a man in a white vehicle

who told him that appellant was going to be driving in the area shortly and that appellant had a suspended license. The man provided the Deputy with a description of appellant's vehicle and the license plate. When Deputy Dore ran the license plate, he confirmed that appellant had a suspended license and was provided with a picture of appellant.

{¶5} Approximately five minutes later, Deputy Dore saw appellant's vehicle go by. He determined that the man driving the vehicle matched the picture that he had been provided. When Deputy Dore pulled in behind the vehicle he saw that the license plate had been altered and that an E on the license plate had been changed to a F. According to the Deputy, appellant used some type of white out or white substance to alter the plate. After Deputy Dore activated his lights, appellant turned left and failed to stop. The Deputy then activated his siren. Appellant continued driving and went through two traffic lights. Once he reached his house, appellant pulled into his driveway and then his garage. Deputy Dore testified that he followed appellant a little more than half a mile with his lights and siren on before appellant stopped.

{¶6} Deputy Dore testified that when appellant got out of his vehicle, he reeked of an alcoholic beverage coming from his person. Appellant told the officer that he had imbibed four beers. Appellant, according to the Deputy, was argumentative and refused to submit to field sobriety tests. Appellant's speech was slurred and he had slowed motor skills.

{¶7} Deputy Dore testified that when he told appellant why he had been stopped appellant "kept saying...you don't have to do this to me I am a Vietnam vet." Transcript at 135. Appellant was arrested and taken to the police department where he

refused to take a breathalyzer test. The following is an excerpt from Deputy Dore's testimony:

{¶8}   "Q. And during your entire contact with him, including at the police station, did he continue to exhibit the signs that you've described before, the reeking alcohol and the slurred speech, those sorts of things?

{¶9}   "A. Yes, in fact, when we were in the Sunbury's little holding cell, it's a smaller area than this, two little cells and it was very strong in there, obviously because it was in an enclosed area, the alcoholic beverage smell coming from his person.

{¶10}  "Q. And how about his appearance, his eyes - - describe his eyes?

{¶11}  "A. Bloodshot, watery, I mean, displayed everything.  Like I said, slurred speech, his motor skills were slowed.  He just - - you know you could tell he was under the influence of alcohol.

{¶12}  "Q. As he was walking around, did he appear to be unsteady or describe his walking.

{¶13}  "A. Yeah, he was just real kind of slow and lethargic."  Transcript at 144.

{¶14}  On cross-examination, Deputy Dore testified that he did not observe any impaired driving by appellant while following appellant for approximately 1.8 miles.

{¶15}  At trial, Deputy Charles Gannon, who had been called by Deputy Dore as back-up, testified that he had contact with appellant and that he detected a very strong odor of an alcoholic beverage coming from appellant's person. Deputy Gannon further testified that appellant's eyes were red, glassy and bloodshot, his speech was slurred and that appellant was swaying back and forth.

{¶16} At the conclusion of the evidence and the end of deliberations, the jury, on February 8, 2011, found appellant guilty of use of unauthorized (fictitious) plates, driving under an OVI suspension, and operating a vehicle while under the influence of alcohol and refusing a chemical test. The trial court convicted appellant of driving under an FRA suspension and found appellant not guilty of having no operator's license. As memorialized in a Judgment Entry filed on February 8, 2011, appellant was sentenced to an aggregate sentence of 250 days in jail. The trial court also fined appellant, ordered that his driver's license be suspended for 10 years and placed him on community control for a period of five years.

{¶17} Appellant now raises the following assignments of error on appeal:

{¶18} "I. THE TRIAL COURT ERRED IN DENYING MR. SULLIVAN'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON THE OVI CHARGE AS THE EVIDENCE WAS INSUFFICIENT TO CONVICT HIM.

{¶19} "II. MR. SULLIVAN'S CONVICTION FOR OVI IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶20} "III. THE MISCONDUCT OF THE PROSECUTING ATTORNEY IN ARGUING HIS PERSONAL BELIEFS REGARDING MR. SULLIVAN'S CREDIBILITY IN CLOSING ARGUMENTS DENIED MR. SULLIVAN HIS RIGHT TO A FAIR TRIAL.

{¶21} "IV. COUNSEL FOR MR. SULLIVAN WAS INEFFECTIVE AS THE RESULT OF HIS CUMULATIVE ERRORS AND THIS DENIED MR. SULLIVAN A FAIR TRIAL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION."

I, II

**{¶22}** Appellant, in his first assignment of error, argues that the trial court erred in denying his Crim.R. 29 motion for acquittal as to the charge of operating a motor vehicle while under the influence of alcohol. In his second assignment of error, he argues that his conviction for such offense is against the manifest weight of the evidence.

**{¶23}** In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., *State v. Carter,* 72 Ohio St.3d 545, 553, 1995–Ohio–104, 651 N.E.2d 965; *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991).

**{¶24}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *Jenks,* supra. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st. Dist. 1983). See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678

N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶25}** Appellant specifically contends that there was insufficient evidence that his consumption of alcohol impaired, to a noticeable degree, his ability to operate a motor vehicle and that there was no evidence that he was under the influence. Appellant notes that the deputies did not observe any impaired driving during the 1.8 miles that they followed appellant.

**{¶26}** However, under our review of the evidence, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant committed the offense of driving under the influence of alcohol. We further find that the jury did not lose its way in convicting appellant of such offense. As is stated above, appellant failed to stop after Deputy Dore activated his lights and went through two traffic lights. When Deputy Dore finally stopped appellant, appellant smelled of alcohol and told the deputy that he had imbibed four beers. Appellant was argumentative, his speech was slurred and he had slowed motor skills. Deputy Dore further testified that appellant's eyes were bloodshot and watery and that appellant was slow and lethargic. Deputy Gannon testified similarly.

**{¶27}** Furthermore, appellant refused to take a breathalyzer test. Evidence of a refusal to submit to a chemical test can be used against a defendant at trial. See *Westerville v. Cunningham*, 15 Ohio St.2d 121, 239 N.E.2d 40 (1968) and *State v. Wise*, 5th Dist. No. 2008-CA-9, 2008-Ohio-7003 at paragraphs 82-83. Appellant also refused to submit to field sobriety tests. A defendant's refusal to perform such tests is

admissible as evidence of guilt on an OVI charge.  See *State v. Holnapy*, 8th Dist. No. 2010-L-072, 2011-Ohio-2995.

**{¶28}** Based on the foregoing, appellant's first and second assignments of error are overruled.

III

**{¶29}** Appellant, in his third assignment of error, argues that he was denied his right to a fair trial due to misconduct of the prosecuting attorney "in arguing his beliefs regarding [appellant's] credibility."

**{¶30}** The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).  In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).  A trial is not unfair, if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper comments. *State v. Treesh*, 90 Ohio St.3d 460, 464, 2001-Ohio-4, 739 N.E.2d 749.  Furthermore, both the prosecution and the defense have wide latitude during opening and closing arguments.

**{¶31}** However, a prosecutor may not express his personal belief or opinion as to the credibility of a witness, the guilt of an accused or allude to matters that are not supported by admissible evidence. *State v. Smith,* 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). The wide latitude given the prosecution during closing arguments "does not

'encompass inviting the jury to reach its decision on matters outside the evidence adduced at trial.'" *State v. Hart,* 8th Dist. No. 79564, 2002–Ohio–1084, at 3, citing *State v. Freeman,* 138 Ohio App.3d 408, 419, 741 N.E.2d 566 (1st Dist. 2000).

**{¶32}** In the case sub judice, appellant specifically takes issue with the following comments made by the prosecuting attorney during closing arguments:

**{¶33}** "The question is, was the defendant impaired while he was driving. And I submit to you that that's been proven beyond a reasonable doubt.

**{¶34}** "First of all, the direct evidence. The direct evidence you have Number (1) is that the defendant was drinking and he admitted to having been drinking at the Eagle's. He admitted to having drunk four beers. Now, you may think he underestimated, and I suspect the officers did think he underestimated, but, regardless, he felt when he was asked the question how many beers or how much he had been drinking he felt the need to admit four beers.

**{¶35}** "Now, I suggest to you from that you can conclude a couple things. Number (1) that he was drinking more than four beers, but that he was drinking a lot because he had to admit four beers to even keep a straight face. You can take that for what it's worth, but he admitted four beers, he admitted he'd been drinking at the Eagle's." Transcript at 237-238.

**{¶36}** Appellant, in his brief, concedes that defense counsel failed to object to such statements. "Absent plain error, an appellate court will not consider errors that the defendant failed to object to at the trial level." *State v. Thompson*, 127 Ohio App.3d 511, 522, 713 N.E.2d 456 (8th Dist. 1998). Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the

attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. In order to find plain error under Crim R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. *Id.* at paragraph two of the syllabus.

**{¶37}** Assuming arguendo, that such comment was improper, we find that, based on the overwhelming evidence of appellant's guilt, as set forth in detail in the statement of facts, the outcome of the trial would not have been different but for such alleged error.  We find no plain error.

**{¶38}**  Based on the foregoing, appellant's third assignment of error is overruled.

IV

**{¶39}** Appellant, in his fourth assignment of error, argues that he received ineffective assistance of trial counsel.

**{¶40}** To show ineffective assistance of counsel, appellant must satisfy a two-prong test. *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052 (1984). First, he must show that his trial counsel engaged in a substantial violation of any essential duty to his client. *State v. Bradley,* 42 Ohio St.3d 136, 141, 538 N.E.2d 373 (1989), quoting *State v. Lytle,* 48 Ohio St.2d 391, 396, 358 N.E.2d 623 (1976). Second, he must show that his trial counsel's ineffectiveness resulted in prejudice. *Bradley,* at 141–142, quoting *Lytle,* at 396–397. "Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel." *Bradley,* ¶ three of the syllabus.

**{¶41}** Appellant initially argues that his trial counsel was ineffective in moving to admit Exhibit 4 and Defendant's Exhibit A, a photocopy of appellant's traffic ticket, without redacting the information regarding appellant's prior OVI convictions. The ticket indicated that appellant had six (6) prior OVI's. Appellant notes that the parties stipulated prior to trial that appellant had a prior OVI in 2007 to prevent appellee from introducing evidence of the fact that appellant had five other prior convictions for OVI.

**{¶42}** However, we note that the jury was instructed that the evidence did not include the complaint (i.e.-ticket). Moreover, based on the overwhelming evidence of appellant's guilt, we cannot say that the outcome of appellant's trial would have been different had the information on the ticket regarding the prior OVI's been redacted.

**{¶43}** Appellant next argues that trial counsel was ineffective in failing to object to Deputy Dore's testimony that appellant had prior OVI's. During cross-examination, defense counsel asked Deputy Dore why appellant's car was towed and Deputy Dore responded that it was because appellant had prior OVI's. The Deputy did not specify how many prior OVI's appellant had. Appellant now maintains that trial counsel was ineffective in failing to object to such testimony.

**{¶44}** However, as noted by appellee, the jury was aware that appellant had a prior OVI. The jury was informed of the parties' stipulation that appellant had been convicted of OVI in 2008 and that appellant's driver's license had been suspended for a period of ten years. Trial counsel's failure to object may have been a tactical or strategic decision. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545,

558, 651 N.E.2d 965 (1995). Moreover, based on the overwhelming evidence, we cannot say that the outcome of the trial would have been different had counsel objected.

**{¶45}** Appellant next maintains that his counsel was ineffective in failing to object to the State's use of leading and compound questions on direct examination of the deputies. Evid.R. 611 provides "[l]eading questions could not be used on the direct examination of a witness except as may be necessary to develop his testimony."

**{¶46}** The Ohio Supreme Court has held that the failure to object to leading questions does not usually constitute ineffective assistance of counsel. *State v. Jackson,* 92 Ohio St.3d 436, 449, 2001-Ohio-1266, 751 N.E.2d 946. The failure to object is not a per se indicator of ineffective assistance of counsel, because sound trial strategy might well have been not to interrupt. See *State v. Gumm*, 73 Ohio St.3d 413, 428, 653 N.E.2d 253 (1995). The questions, though leading, were mainly used to develop the officer's testimony; or were inconsequential and trial counsel might well have not wanted to interrupt the proceedings at the very outset. Furthermore, based on the overwhelming evidence of appellant's guilt, we cannot say that the outcome of appellant's trial would have been different had defense counsel objected.

**{¶47}** Appellant also argues that his trial counsel was ineffective in failing to object to Deputy Dore testifying from his police report. Appellant notes that Deputy Dore was the primary witness against him and that the case was built upon his testimony.

**{¶48}** In *State v. Neeley*, 2nd Dist. No. 20842, 2006-Ohio-418, the appellant argued that his trial counsel was ineffective in failing to object when two of the State's witnesses, the coroner and a DNA expert, consulted their written reports during their testimony. The court, in *Neeley*, stated, in relevant part, as follows: "Evid.R. 612 permits

writings to be used to refresh memory while the witness is testifying. That is what occurred here. We see no error merely because the witness did not declare what was already obvious: that the witness' memory had been refreshed by his report. Defense counsel did not perform deficiently by failing to object to the fact that two of the State's witnesses consulted their written reports in order to refresh their recollection while testifying. No ineffective assistance of counsel is demonstrated." Id at paragraph 39. Moreover, in the case sub judice, Deputy Gannon testified also. Deputy Charles Gannon testified that he had contact with appellant and that he detected a very strong odor of an alcoholic beverage coming from appellant's person. Deputy Gannon further testified that appellant's eyes were red, glassy and bloodshot, his speech was slurred and that appellant was swaying back and forth. Thus, there was other evidence corroborating Deputy Dore's testimony. Moreover, there was evidence that appellant refused both the field sobriety and breathalyzer tests.

{¶49} Appellant finally contends that his trial counsel was ineffective for beginning his cross-examination of Deputy Dore with the statement that "it sounds pretty bleak." We note that, immediately after making such statement, defense counsel indicated that he wanted to ask Deputy Dore very specific questions about his testimony, implying that he was challenging the Deputy's credibility. Moreover, assuming, arguendo, that counsel was ineffective in making such statement, we cannot say, based on the overwhelming evidence, that the outcome of the trial could have been different had such statement not been made.

**{¶50}** Appellant's fourth assignment of error is, therefore, overruled.

**{¶51}** Accordingly, the judgment of the Delaware Municipal Court is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0516

[Cite as *Sunbury v. Sullivan*, 2012-Ohio-3699.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE VILLAGE OF SUNBURY, OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GARY M. SULLIVAN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CAC030025 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES