[Cite as *State v. Dickinson*, 2023-Ohio-686.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2022 CA 00035 |
| SHANNA ELIZABETH DICKINSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Canton Municipal
                             Court, Case No. 2021 CRB 04172


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 3, 2023


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JASON P. REESE                          D. COLEMAN BOND
CANTON LAW DIRECTOR                     116 Cleveland Avenue NW
KATIE M. ERCHICK GILBERT                Suite 600
CANTON CITY PROSECUTOR                  Canton, Ohio  44702
KRISTINA M. LOCKWOOD
CHIEF ASSISTANT PROSECUTOR
218 Cleveland Avenue SW
Canton, Ohio  44702

*Wise, J.*

{¶1}    Appellant Shanna Elizabeth Dickinson appeals her sentence and conviction on one count of criminal mischief and one count of arson, entered in the Canton Municipal Court following a jury trial.

{¶2}    Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS</u>

{¶3}    For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶4}    Just before 8:00 a.m. on July 19, 2021, Rory Jacobs left his apartment at the Downtowner, a 120-unit apartment building at 621 North Market Avenue in Canton, to begin his day as a maintenance worker at the apartment building. (T. at 139, 149). When he walked out of his apartment he smelled smoke coming from the apartment next door. (T. at 140). The tenant in that apartment was Appellant Shanna Dickinson, who lived there alone. (T. at 158). Her door was ajar so Jacobs nudged it open and saw her lying in bed. (T. at 140). Jacobs called out to Dickinson, but she did not respond. (T. at 140). Jacobs then went to get the manager, Tom Ascani, and when he got to Dickinson's apartment, he saw smoke corning out of the door. (T. at 164). Mr. Ascani entered the apartment and saw about six feet of smoke corning down from the ceiling. (T. at 155). Ascani observed Dickinson semi-conscious on her bed just below the level of the smoke. (T. at 155). He went to the bathroom and found something burning in the bathtub, so he turned on the shower to extinguish it. (T. at 85). Ascani then found that the apartment's smoke detector, which is hard-wired, had been disconnected from the wall and placed on top of the refrigerator. (T. at 156).

**{¶5}** Andrew Crawn, an investigator for the Canton Fire Department, went to the apartment to attempt to determine the cause of the fire. (T. at 78, 83). Inspector Crawn found the cause of the fire in the bathtub: a burned book. (T. at 89). Although the fire was limited to the bathtub, Crawn testified that it still posed a substantial risk of harm to the building and its occupants because it could have spread to the shower curtain, nearby towels, and the walls. (T. at 92-93).

**{¶6}** After examining and photographing Appellant's apartment, Inspector Crawn went to interview her in the hospital. (T. at 84). During the interview, Appellant stated "I'm not going to jail for arson. That was a satanic book." (T. at 85). Crawn concluded that Appellant disabled the smoke detector and intentionally set the fire. (T. at 8).

**{¶7}** At trial, Appellant stipulated that Inspector Crawn is an expert in cause and origin based on his education, training, knowledge and experience. (T. at 95).

**{¶8}** On August 30, 2021, the Stark County Grand Jury returned an indictment, filed in the Canton Municipal Court, charging Appellant with one count of criminal mischief, in violation of R.C. §2909.07, and one count of arson, in violation of R.C. §2909.03(A)(1), both first-degree misdemeanors.

**{¶9}** On October 28, 2021, Appellant filed a written plea of not guilty by reason of insanity and request for competency evaluation.

**{¶10}** On November 1, 2021, the trial court issued an Order directing the evaluation of Appellant's competency and sanity at the time of the offense.

**{¶11}** On November 17, 2021, a warrant was issued for Appellant's arrest for her failure to comply with the ordered competency evaluation, and Appellant was arrested on that warrant on November 20, 2021.

**{¶12}** A competency hearing was scheduled for December 1, 2021, and then later continued to December 8, 2021.

**{¶13}** At the competency hearing on December 8, 2021, Appellant was found competent to stand trial, and was released from the Stark County Jail on a $10,000 unsecured/personal recognizance bond.

**{¶14}** A trial was scheduled for January 27, 2022, and then continued to February 28, 2022.

**{¶15}** On February 23, 2022, Appellant filed a motion *in limine* requesting an Order prohibiting the State from introducing evidence that the book Appellant allegedly burned was a Bible, because she thought it might offend jurors.

**{¶16}** On February 25, 2022, the State filed a response in opposition.

**{¶17}** On February 28, 2022, the jury trial commenced in this matter.

**{¶18}** Prior to the commencement of trial, the trial court granted Appellant's motion *in limine*. (T. at 12).

**{¶19}** At trial, the state of Ohio presented testimony from Inspector Andrew Crawn, Rory Jacobs and Tom Ascani. The defense presented no evidence.

**{¶20}** Following deliberations, the jury convicted Appellant on both counts, finding her guilty of Count I, Criminal Mischief, a misdemeanor of the first degree, in violation of R.C. §2909 .07, and Count II, Arson, a misdemeanor of the first degree, in violation of R.C. §2909.03(A)(1). (T. at 207).

**{¶21}** The trial court immediately proceeded to sentencing, and after affording each party an opportunity to speak, sentenced Appellant to probation with credit for time previously served. (T. at 211-212).

**{¶22}** Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶23}** "I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN CONVICTIONS AGAINST THE APPELLANT FOR THE OFFENSES OF CRIMINAL MISCHIEF OR ARSON.

**{¶24}** "II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED.

**{¶25}** "III. THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT."

**I., II.**

**{¶26}** In her first and second assignments of error, Appellant argues her convictions are against the manifest weight and sufficiency of the evidence. We disagree.

**{¶27}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶28}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, *supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶29}** Appellant herein is challenging her convictions on Criminal Mischief, in violation of R.C. §2909.07 and Arson, in violation of R.C. §2909.03(A)(1), which provide:

**{¶30}** R.C. §2909.07, <u>Criminal Mischief</u>

(A) No person shall:

(1) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with either of the following:

(a) The property of another;

\*\*\*

(4) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with any safety device, the property of another, or the property of the offender when required or placed for the safety of others, so as to destroy or diminish its effectiveness or availability for its intended purpose;

\*\*\*

(B) As used in this section:

(1) "Safety device" means any fire extinguisher, fire hose, or fire axe, or any fire escape, emergency exit, or emergency escape equipment, or any life line, life-saving ring, life preserver, or life boat or raft, or any alarm, light, flare, signal, sign, or notice intended to warn of danger or emergency, or intended for other safety purposes, or any guard railing or safety barricade, or any traffic sign or signal, or any railroad grade crossing sign, signal, or gate, or any first aid or survival equipment, or any other device, apparatus, or equipment intended for protecting or preserving the safety of persons or property.

**{¶31}** R.C. §2909.03(A)(1), <u>Arson</u>

(A) No person, by means of fire or explosion, shall knowingly do any of the following:

(1) Cause, or create a substantial risk of, physical harm to any property of another without the other person's consent;

**{¶32}** Appellant herein argues that the state of Ohio failed to prove that she was the one who started the fire or the one who removed the smoke detector in her apartment because there were no eyewitnesses.

**{¶33}** Upon review, we find that the state presented evidence that Appellant lived alone in her apartment, that she was alone in the apartment when the fire started, and that she made the statement to the fire inspector "I'm not going to jail for arson. That was a satanic book." (T. at 9, 85).

**{¶34}** Appellant also argues that no physical harm was done to the apartment and that no substantial risk of harm existed. We disagree.

**{¶35}** Inspector Crawn testified that Appellant created a substantial risk of harm to herself, the apartment building and the other occupants of the building by setting a book on fire in the bathtub due to the proximity to the shower curtain and towels, which then would have spread to the walls. (T. at 92-93).

**{¶36}** Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

**{¶37}** The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, 2003 WL 723225, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, 2003 WL 21291042, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992).

{¶38}  Here, the jury heard the witnesses and viewed the evidence. In addition, the jury heard Appellant's attorney's arguments and explanations about Appellant's actions. Thus, a rational basis exists in the record for the jury's decision.

{¶39}  We find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter, we find Appellant's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence and was convinced of Appellant's guilt. The jury neither lost their way nor created a miscarriage of justice in convicting Appellant of the offenses.

{¶40}  Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of both arson and criminal mischief

{¶41}  Appellant's first and second assignments of error are overruled.

**III.**

{¶42}  In her third assignment of error, Appellant argues that she was denied a fair trial due to prosecutorial misconduct. We disagree.

{¶43}  Appellant argues that the State committed prosecutorial misconduct when it asked the building's manager if he gave Appellant permission to "burn a Bible" after the trial court had granted a motion *in limine* excluding any references to what type of book was burned.

**{¶44}** The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *Sunbury v. Sullivan*, 5th Dist. Delaware No. 11CAC030025, 2012-Ohio-3699, 2012 WL 3525617, ¶ 30 citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990). In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). A trial is not unfair, if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper comments. *State v. Treesh*, 90 Ohio St.3d 460, 464, 2001-Ohio-4, 739 N.E.2d 749.

**{¶45}** Allegations of prosecutorial misconduct implicate due process concerns, and the touchstone of the analysis is the " 'fairness of the trial, not the culpability of the prosecutor.' " *State v. Newton*, 108 Ohio St.3d 13, 2006-Ohio-81, 840 N.E.2d 593, ¶ 92, *quoting Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

> If any misconduct occurred, the court must consider the effect it had on the jury "in the context of the entire trial." *State v. Keenan*, 66 Ohio St.3d 402, 410, 613 N.E.2d 203 (1993). With regard to each allegation of misconduct, we must determine whether the conduct was "improper, and, if so, whether [it] prejudicially affected substantial rights of the defendant." *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). "[A] defendant's substantial rights cannot be prejudiced when the remaining evidence, standing alone, is so overwhelming that it constitutes defendant's guilt, and the outcome of the case would have been the same regardless of

evidence admitted erroneously. "*State v. Hicks*, 194 Ohio App.3d 743, 2011-Ohio-3578, 957 N.E.2d 866, ¶30 (8th Dist.2011), *citing State v. Williams*, 38 Ohio St.3d 346, 349–350, 528 N.E.2d 910 (1988).

*State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 109.

**{¶46}** Whether statements made by a prosecutor amount to misconduct and whether such statements render a trial fundamentally unfair are mixed questions of law and fact, which we review *de novo*. *United States v. Carson*, 560 F.3d 566, 574 (6th Cir. 2009) *citing United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999) *citing United States v. Clark*, 982 F.2d 965, 968 (6th Cir. 1993).

**{¶47}** The basic test is whether the conduct of a prosecuting attorney during trial deprives the defendant of a fair trial. *See State v. Apanovitch* (1987), 33 Ohio St.3d 19.

**{¶48}** Upon review of the record in this matter, we find that while the prosecutor's specific reference to a Bible was improper in light of the trial court's prior ruling, Appellant later submitted a copy of the fire inspector's report as an exhibit which stated "[t]here is a burned Bible in the bottom of the bathtub."

**{¶49}** We find, based upon our examination of the entire trial transcript, that the prosecutor's reference to the Bible, although improper, did not rise to the level of prosecutorial misconduct, especially in light of Appellant's admission of the fire inspector's report, because it did not prejudicially affect Appellant's substantial rights, and Appellant was not deprived of a fair trial.

{¶50} Appellant's third assignment of error is overruled.

{¶51} For the reasons stated in the foregoing opinion, the decision of the Canton Municipal Court is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw 0301