[Cite as *State v. Thornton*, 2014-Ohio-1970.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25992 |
| v. | : | T.C. NO. 13TRD10225 |
| ANGELA M. THORNTON | : | (Criminal appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____9th____ day of ____May____, 2014.

. . . . . . . . . .

JOHN D. EVERETT, Atty. Reg. No. 0069911, 2325 Wilmington Pike, Kettering, Ohio 45420
    Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. No. 0069300, 70 Birch Alley, Suite 240, Dayton, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Angela M. Thornton appeals her conviction and

sentence for one count of driving a motor vehicle in and upon any street or highway at a greater speed than is necessary for her to bring her car to a stop within the assured clear distance ahead (ACDA), in violation of section 434.03 of the Centerville Traffic Ordinances. Thornton filed a timely notice of appeal with this Court on October 30, 2013.

{¶ 2} The incident which forms the basis for the instant appeal occurred on September 24, 2013, at approximately seven p.m. when Anthony Gibson was driving north in his 1992 Honda Accord in the middle lane of Interstate 675. Gibson's speed was between sixty-five to seventy miles per hour. As Gibson approached Loop Road, the hood of his vehicle flew up into his windshield causing him to slow down to forty miles per hour. As he attempted to navigate to the far right lane, Gibson was struck from behind by a blue Honda Civic driven by Thornton. Following the initial collision with Gibson, Thornton's vehicle was struck from behind by a second vehicle. The second vehicle was then struck from behind by a third vehicle. The rear of Gibson's vehicle suffered damage as a result of the collision.

{¶ 3} Officer Scott Thomas of the Centerville Police Department testified that he investigated the scene of the multiple-vehicle accident and interviewed all of the drivers. Officer Thomas concluded that as a result of Gibson's hood opening unexpectedly and flying into his windshield, he had to slow down. When Gibson slowed down, Thornton was not able to react in time and rear-ended his vehicle. Accordingly, Officer Thomas cited Thornton for a violation of the ACDA because she was unable to stop her vehicle within the assured clear distance. The other two drivers involved in the accident were also cited for violation of the ACDA.

{¶ 4} A bench trial was held on October 21, 2013, after which the court found Thornton guilty as charged and ordered her to pay a fine of $150.00. It is from this judgment that Thornton now appeals.

{¶ 5} "THE TRIAL COURT ERRORED [sic] BY NOT APPLYING THE STATUTE AND SECTION CHARGED TO THE CASE AT BAR; AND INCORRECTLY SUBSTITUTING A COMPLETELY DIFFERENT SECTION OF THE ORDINANCE, WITHOUT ANY AMENDMENT, WITHOUT NOTICE AND WITHOUT DUE PROCESS."

{¶ 6} In her sole assignment, Thornton contends that the trial court erred by convicting her of a different section of Centerville Ordinance 434.03 than the section she was initially charged with violating in the ticket issued to her by Officer Thomas. Specifically, Thornton argues that Officer Thomas checked two competing boxes on the ticket, "SPEED" and "ACDA," and that it therefore failed to state an offense. Thus, Thornton asserts that her right to proper notice of the charge against her was violated which limited her ability to adequately defend herself at trial.

{¶ 7} On the record before us, we find that the ticket issued to Thornton by Officer Thomas was sufficient to put her on notice that she was being charged with a violation of section 434.03(a) of the Centerville Ordinances. Section 434.03 states in pertinent part:

(a) No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard for the traffic, surface, and width of the street or highway and any other conditions, and no other shall drive any motor vehicle in and upon any street or highway *at a greater speed than will permit him or her to bring it to a stop within the assured clear*

*distance.*

\*\*\*

(e) Pursuant to Ohio R.C. 4511.21(E), in every charge of violating this section, the affidavit and warrant shall specify the time, place, and speed at which the defendant is alleged to have driven, \*\*\*, *except that in affidavits* [tickets] *where a person is alleged to have driven at a greater speed than will permit the person to bring the vehicle to stop within the assured clear distance ahead, the affidavit and warrant need not specify the speed at which the defendant is alleged to have driven.* (Emphasis added)

**{¶ 8}** In the "offenses" section of the ticket he issued to Thornton, Officer Thomas marked the "SPEED" box and the box marked "ACDA," as well as noting the ordinance section, namely 434.03. By marking the appropriate boxes and noting the correct section of the Centerville Ordinances, Officer Thomas put Thornton on notice that she was being cited for failure to stop within the assured clear distance ahead which caused the collision with the rear of Gibson's vehicle. We also note that pursuant to 434.03(e), Officer Thomas was not required to specify the speed at which Thornton was traveling when her vehicle struck Gibson's vehicle because she was being charged with a violation of the assured clear distance ordinance.

**{¶ 9}** In *State v. Weist*, 1st Dist. Hamilton No. C-030674, 2004-Ohio-2577, the defendant was charged with violation of assured clear distance when he struck the vehicle in front of him on the roadway. Similar to the instant case, the police officer in *Weist* marked both the "speed" box and the assured clear distance box on the traffic ticket issued to the

defendant. The officer also noted the section number of the local traffic ordinance that had been violated. The appellate court found that the information on the ticket was sufficient to put the defendant on notice regarding the offense for which he was charged. The appellate court further found that the assured clear distance ahead standard "is simply a way to evaluate whether a driver has been traveling at an excessive speed." *Id*. at ¶ 9. Accordingly, the court held that the defendant was given proper notice of the charge against him when the officer checked both boxes and noted the local ACDA ordinance that had been violated. *Id*.

{¶ 10} In the instant case, we find that the ticket issued by Officer Thomas contained sufficient information which provided ample notice to Thornton that she was being charged with a violation of the assured clear distance ahead ordinance. The testimony adduced at trial clearly established that Thornton struck Gibson's vehicle from behind in the middle lane of I-675. Officer Thomas testified that based on his investigation of the accident scene and the statements made by those involved, he determined that Thornton caused the accident when she was unable to stop her vehicle within an assured clear distance. The ticket that he issued to Thornton reflected that she violated section 434.03 of the Centerville Ordinances when she failed to stop in the assured clear distance ahead. We also note that the trial court found that the State established that Thornton was driving at a speed that rendered her unable to stop within an assured clear distance of Gibson's vehicle, thereby causing the accident. Thus, the trial court did not err when it found Thornton guilty of violating section 434.03 of the Centerville Orcdinances.

{¶ 11} Thornton's sole assignment of error is overruled.

{¶ 12} Thornton's sole assignment of error having been overruled, the judgment of

the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

John D. Everett
William T. Daly
Hon. F. Jay Newberry,
Acting Judge