[Cite as *State v. Muchmore*, 2014-Ohio-5096.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140056 |
| | | TRIAL NO. 13TRC-4361D |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ERIC MUCHMORE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  November 19, 2014

*Terrance Nestor*, Interim City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Caitlin Broo*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Paul M. Laufman*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal in a hit-skip case involving a driver who crashed into a fire hydrant and then drove away.  A police officer had written the wrong code section on the offender's traffic ticket, but the trial court allowed the charge to be amended at trial. The driver argues the amendment was improper and we must throw out his conviction.

{¶2}     We disagree.  The amendment of the misdemeanor charge in this case was permissible:  the driver was on notice of the true nature of the offense, he was not deprived of an opportunity to prepare his defense, and the amendment merely clarified information that was on the ticket.

{¶3}     The driver also challenges the sufficiency of the evidence for the failure-to-stop conviction.  We are not persuaded by his arguments in this regard either, so we affirm the trial court's judgment.

## I.  Hit and Run

{¶4}     Following an accident, Eric Muchmore was charged with operating a vehicle while under the influence of alcohol ("OVI"), failing to stop after an accident, failing to maintain reasonable control of an automobile, and failing to wear a safety belt. The OVI and failure-to-stop charges were tried to a jury.

{¶5}     Cincinnati Police Lieutenant John Rees testified that on January 25, 2013, he was alerted by his police radio that a car had hit a fire hydrant on Madison Road and had fled the scene.  A citizen followed the car, and was able to give the police dispatcher a description of the car, its license plate number and its location.  Armed with this information, Lieutenant Rees eventually stopped the car on a dead-end street.   The driver, Mr. Muchmore, had blood on his forehead, and his car sported a dent in the front, yellow paint on the bumper, and a crack in the windshield.  He smelled strongly of

alcohol, his eyes were watery and bloodshot, and his speech was slurred. But when questioned, he denied having been in an accident. An ambulance took Mr. Muchmore to University Hospital for treatment.

{¶6} Officer Dennis Zucker went to the accident scene. He found a set of skid marks that crossed the double yellow line, continued through two lanes of traffic, jumped over a curb and sidewalk, and extended over the base of where the fire hydrant had once been and into a telephone pole. The top portion of the fire hydrant was a distance away. Officer Zucker and another officer later questioned Mr. Muchmore at the hospital. At the hospital, Mr. Muchmore finally fessed up to the accident. The officers' observations of his demeanor and his admission to drinking led them to also charge him with OVI.

{¶7} At the close of the state's case, Mr. Muchmore's counsel suggested that he wanted to make a Crim.R. 29 motion for an acquittal, but that he wanted to do further research on the failing-to-stop offense:

> My recollection is where there's only property damage involved, there's a $500 requirement or the individual has 24 hours to prove it— I'm sorry—to report it. While we certainly had testimony that, you know, the hydrant was knocked off, you know, we heard that bolts were sheered, you know, that it's intended to do that. We didn't hear anything about the value of the expense.

Counsel's statements led the court to consult the code and realize that the statute written on the ticket—R.C. 4549.02—related to accidents that occurred on public streets, whereas R.C. 4549.03 dealt with accidents resulting in damage to property adjacent to public streets.

3

{¶8} The state moved to amend the charge to a violation of R.C. 4549.03. Mr. Muchmore objected, saying that the state was changing the elements of the offense. The trial court granted the motion to amend. The jury ultimately found Mr. Muchmore guilty of failure to stop after an accident, but not guilty of OVI.

## II. Amendment of the Traffic Ticket was Proper

{¶9} In his first assignment of error, Mr. Muchmore asserts that the court erred when it permitted the state to amend the charge from a violation of R.C. 4549.02 to a violation of R.C. 4549.03.

{¶10} Under Crim.R. 7(D), "[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

{¶11} The question in this case is whether the amendment changed the name or identity of the crime charged for purposes of Crim.R. 7(D). The traffic ticket handed to Mr. Muchmore cited R.C. 4549.02. That provision applies to accidents upon public roads or highways. Under that section, a driver involved in an accident is required to remain on the scene until he has given his name and identifying information to the driver of the other vehicle or a police officer, or left a note in the case of an unoccupied vehicle. One who violates this section is guilty of "failure to stop after an accident, a misdemeanor of the first degree." R.C. 4549.02(B).

{¶12} The amendment charged a violation of R.C. 4549.03. That provision applies to damage to property on or adjacent to a public road. In the case of such an accident, the driver is required to stop and take reasonable steps to locate the owner of such property. If, after a reasonable search, the driver cannot locate the property

4

owner, the driver must report the damage to the police within 24 hours. One who violates this section is guilty of "failure to stop after an accident involving the property of others, a misdemeanor of the first degree." R.C. 4549.03(B).

{¶13} Courts have extended a certain liberality to amendments of traffic citations. In *Cleveland Hts. v. Perryman*, 8 Ohio App.3d 443, 445, 457 N.E.2d 926 (8th Dist.1983), the Eighth Appellate District opined "that traffic ticket complaints should be amendable to cure defects more readily than felony indictments." Further, "[l]iberality in permitting amendments is particularly appropriate for traffic ticket complaints, since they are typically prepared by law enforcement officers who lack formal legal training, and since they are intended to provide a less formal means for the efficient disposition of alleged traffic offenses." *Id.* at 446.

{¶14} Consistent with the logic in *Perryman*, this court has delineated when the state may amend a traffic ticket that omits necessary information or includes a clerical error. Amendment is proper where

> (1) the original traffic ticket has given the defendant notice of the true nature of the offense; (2) the defendant has not been deprived of a reasonable opportunity to prepare a defense; and (3) the amendment merely clarifies or amplifies the information in the original ticket.

*State v. Wiest*, 1st Dist. Hamilton No. C-030674, 2004-Ohio-2577, ¶ 7.

{¶15} Applying the guidelines in *Wiest*, we conclude that the amendment was proper. Mr. Muchmore was on notice of the true nature of the offense. His counsel conceded that Mr. Muchmore knew he was charged with leaving the scene after hitting a fire hydrant, which would be adjacent to, not on, a public road. Likewise, Mr. Muchmore was not deprived of the opportunity to provide a defense. The amendment occurred before the presentation of the defense case, and Mr.

5

Muchmore refused the court's offer of a continuance. Because Mr. Muchmore knew exactly what he had been cited for, his defense was not prejudiced. Finally, the amendment clarified what was on the ticket. The police officer's statement on the ticket that Mr. Muchmore "[f]led crash scene after causing dam. to fire hyd. and util. pole" made clear what the offense was. The amendment merely appended the correct statute number. It did not change the name or identity of the offense charged. *See* Crim.R. 7(D).

{¶16} Mr. Muchmore counters that we should follow the Tenth Appellate District's decision in *Columbus v. Blair*, 10th Dist. Franklin Nos. 86 AP-920 and 86AP-921, 1987 Ohio App. LEXIS 7788 (June 23, 1987), which also involved a failure-to-stop charge. The defendant was initially charged with a violation of a Columbus ordinance identical to R.C. 4549.02, failure to stop after an accident on a public road. The charge was amended prior to trial to state a violation of a different Columbus ordinance which dealt with accidents that occurred on property that was not a public road.[1] Under that section, one involved in an accident was required only to stop and provide identifying information upon the request of a person who had suffered injury or property damage. If no request was made, the person had 24 hours to report the accident. At trial, it was evident that the state could not prove a violation of this section because the person had been apprehended soon after the accident and there was no evidence he had been requested to provide the necessary information. The trial court then allowed the state to amend the charge to the Columbus equivalent of R.C. 4945.03, failing to stop after causing damage to property on or adjacent to a public road.

---

[1] The Columbus ordinance is substantially equivalent to R.C. 4549.021.

{¶17} The *Blair* court found that the amendment was improper under Crim.R. 7(D) because it added a new element of the offense—immediate notification—about which the defendant did not have notice. The amendment changed the identity of the offense because the charge upon which the defendant had been tried did not require that the defendant take immediate steps to locate the property owner, while the charge on which the defendant was convicted—the same provision applicable in our case—required that the defendant stop and immediately attempt to locate the property owner.

{¶18} The Tenth Appellate District has limited the holding in *Blair* to situations where the defendant did not have notice of a new element. *See Columbus v. Cordova*, 10th Dist. Franklin No. 11AP-602, 2012-Ohio-1812, ¶ 14-15. In *Cordova*, the city amended a charge from Columbus Traffic Code 2141.11 (driving with a suspended license), which had been written on the traffic ticket, to Columbus Traffic Code 2141.16 (suspension for noncompliance with insurance requirements). The trial court sustained the defendant's objection to the amendment and dismissed the charge against him. The Tenth District reversed, concluding that "where a defendant clearly had notice of the charge and an opportunity to prepare a defense despite the error, courts have determined that correcting a mistaken or omitted code section does not change the name or identity of the subject complaint." *Id.* at ¶ 13. As in the case before us, "statements on the record from both defendant and his attorney reveal that defendant was able to ascertain the nature and origin of the pending accusation against him from the information on the traffic ticket, [the amendment] only aligned the traffic ticket with the parties' understanding of the intended underlying charge." *Id.* at ¶ 16.

{¶19}   Like in *Cordova*, no new element of which Mr. Muchmore was not aware was added by the trial court's amendment in our case.   Mr. Muchmore protests that the two statutes are different because while both statutes require the driver to immediately stop and attempt to notify a victim after an accident, R.C. 4549.03 allows a driver 24 hours to report an accident if a property owner cannot be located by the immediate reasonable search.   But this difference doesn't matter in our case:  Mr. Muchmore was convicted because he left the accident scene without stopping and attempting to locate the property owner.   Since he didn't stop or conduct a reasonable search, the 24-hour requirement does not come into play. Under both the original charge and the amended charge, the culpable conduct was fleeing the accident scene without stopping.   Mr. Muchmore plainly had notice of the conduct for which he was convicted.

{¶20}   Because the state's amendment did not change the name or identity of the offense for which Mr. Muchmore was charged, the trial court did not err when it allowed the amendment.  The first assignment of error is overruled.

### III.  The Evidence was Sufficient

{¶21}   In Mr. Muchmore's second assignment of error, he asserts that the trial court erred when it overruled his Crim.R. 29 motion for an acquittal because the state did not present sufficient evidence that he had failed to comply with R.C. 4549.03's reporting requirement or that he had damaged real or personal property.

{¶22}   R.C. 4549.03(A) requires that

[t]he driver of any vehicle involved in an accident resulting in damage

to real property, or personal property attached to real property * * *

immediately shall stop and take reasonable steps to locate and notify

the owner or person in charge of the property of that fact[.]   If the

8

owner or person in charge of the property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to the property, within twenty-four hours after the accident, shall forward to the police department of the city or village in which the accident or collision occurred * * * the same information required to be given to the owner or person in control of the property[.]

### A. First, Stop and Try to Locate

{¶23} Mr. Muchmore contends that he was excused from the law's requirement that he stop and take reasonable steps to locate the owner of the fire hydrant, because there were no reasonable steps he could have taken late at night to locate the owner or person in control of the fire hydrant. Under his theory, he complied with the statute when he told the police about the accident at the hospital within the 24-hour reporting period.

{¶24} But as the statute makes clear, the 24-hour reporting period is triggered only after the driver has stopped and taken reasonable steps to locate the owner of the property. *Id.* The evidence presented by the state was that Mr. Muchmore did not stop immediately. Rather, after hitting the fire hydrant and utility pole, Mr. Muchmore fled the scene and was stopped on a different street. Further, when questioned by Lieutenant Rees, Mr. Muchmore denied having had an accident. Because he didn't stop and conduct a reasonable search after the accident, he was in violation of the statute.

{¶25} The Fourth Appellate District reached a similar conclusion on comparable facts. In *State v. Knowlton*, 4th Dist. Washington No. 10CA31, 2012-Ohio-2350, ¶ 20, the defendant had crashed into a utility pole and was arrested a short time later. He argued that, due to his arrest, he had neither the time nor the opportunity to

locate the owner of the property, and that the state had failed to show a violation of the 24-hour requirement. But to apply the law in this way, explained the Fourth Appellate District, would "read the reasonable search requirement out of 4945.03 in certain circumstances." *Id.* "Instead, R.C. 4945.03 clearly indicates a reasonable search is mandatory to avoid criminal liability." *Id.* at ¶ 25. We agree. And the driver must not only search but also stop. Mr. Muchmore did neither.

### B. A Fire Hydrant is Personal Property

{¶26} Mr. Muchmore also argues that the state did not present evidence to satisfy the statutory requirement that damage occurred to "real property or personal property attached to real property." He insists that because the fire hydrant belonged to the municipality, it was public property not personal property. Not so. Property may constitute "personal property" whether it is owned by the government or by an individual. Black's Law Dictionary defines personal property as "any movable or intangible thing that is subject to ownership and not classified as real property." *Black's Law Dictionary* 1254 (8th Ed.2004). The fire hydrant and the utility pole fit squarely within this definition.

{¶27} We conclude that the state presented sufficient evidence of the offense. *See State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The trial court properly denied the Crim.R. 29 motion. The second assignment of error is overruled, and we therefore affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.