[Cite as *State v. Atwood*, 2020-Ohio-3732.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                         |   |                           |
|-------------------------|---|---------------------------|
|                         |   | JUDGES:                   |
| STATE OF OHIO           | : | Hon. W. Scott Gwin, P.J.  |
|                         | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee      | : | Hon. Craig R. Baldwin, J. |
|                         | : |                           |
| -vs-                    | : |                           |
|                         | : | Case No. 2019CA0019       |
| DRAKE ATWOOD            | : |                           |
|                         | : |                           |
| Defendant-Appellant     | : | OPINION                   |

CHARACTER OF PROCEEDING:    Criminal appeal from Coshocton Municipal
Court, Case No. TRD 1901069(A)

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    July 15, 2020

APPEARANCES:

For Plaintiff-Appellee

JAMES SKELTON
Prosecutor
760 Chestnut Street
Coshocton, OH 43812

For Defendant-Appellant

ROBERT WEIR
239 North 4th Street
Coshocton, OH 43812

*Gwin, P.J.*

{¶1}   Appellant Drake Atwood appeals from the October 16, 2019 judgment entry of the Coshocton Municipal Court.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   On August 18, 2019, Deputy Alex Troyer issued a traffic citation to appellant, charging appellant with failure to control (R.C. 4511.202) and leaving the scene (R.C. 4549.02).

{¶3}   On August 26, 2019, the trial court issued a judgment entry stating appellant was in court where: the summons charging him with leaving the scene and failure to control was read to him; appellant pled not guilty to the charges; and appellant requested court-appointed counsel.

{¶4}   The trial court conducted a bench trial on October 2, 2019.  Jordan Reigle ("Reigle"), an EMT, testified he witnessed a crash on August 18, 2019 at approximately 2:00 a.m. or 3:00 a.m. near the intersection of U.S. 36 and County Road 27 in Bethlehem Township.  Reigle was passed by a vehicle at a high rate of speed.  The vehicle lost control, swerving back and forth, and went into a corn/soybean field.  Reigle then pulled over, turned on his lights, and advised dispatch of a possible accident with injuries because of the vehicle's high rate of speed.

{¶5}   Reigle testified that appellant drove out of the field closer to the road and started to approach Reigle's vehicle.  Reigle knew appellant because he went to high school with him.  Appellant approached Reigle's vehicle, told Reigle he was okay, and asked Reigle if he would cancel the responding units because he was okay and because he was not allowed to be out that late at night.  Reigle told appellant he would try to cancel

them, because Reigle did not want to cause any tension. Reigle advised appellant it probably was not a good idea to leave the scene until the deputies got there, but appellant got in his car and drove off.

{¶6} Reigle walked through the field and found appellant's license plate and advised dispatch of the license plate number. Reigle testified that appellant did not make any attempt to leave his information with Reigle. Reigle spoke to the officer that night and gave him a statement.

{¶7} Deputy Alex Troyer ("Troyer"), of the Coshocton County Sheriff's Office, was dispatched to the accident at 2:51 a.m. and met Reigle on U.S. 36. Appellant was not at the scene of the accident. Immediately after Troyer met with Reigle, Troyer was called to a domestic dispute out of the county, so he did not have the opportunity to attempt to locate appellant at that time. Troyer spoke to appellant later that same day at the station at 4:20 p.m. As far as Troyer was aware, appellant had not made any attempt to speak to the owner of the land. Troyer took photos of the damage appellant caused to the farm. Appellee introduced these photographs into evidence as Exhibit 1. By the time Troyer spoke to appellant, appellant had taken his car to the body shop. As far as Troyer was aware, appellant did not report the accident to the sheriff's department prior to coming to the station. Troyer issued appellant a citation for failure to control and leaving the scene of the accident.

{¶8} On cross-examination, Troyer testified that even though appellant was not at the scene of the accident, the license plate and rear bumper of the vehicle were there.

{¶9}    When Troyer spoke with the owner of the farm, he did not specifically ask him if appellant contacted him.  At the station, Troyer told appellant not to contact the owner.

{¶10}  At the conclusion of appellee's case, appellant made a Rule 29 motion for acquittal.  Counsel for appellant argued there was no damage to personal property and counsel argued appellant was told not to contact the owner of the property.  The trial court overruled appellant's Rule 29 motion for acquittal.

{¶11}  Appellee made a motion to reopen its case and amend from R.C. 4549.02 to R.C. 4549.03.  Appellant objected to the motion.  The trial court granted the motion to amend, finding no prejudice to appellant.  However, the trial court asked counsel for appellant if he wanted a continuance and then granted a continuance upon appellant's request.

{¶12}  The trial court continued the trial to October 16, 2019.  Appellant renewed his Rule 29 motion as to the amended charge, R.C. 4549.03.  Counsel for appellant and counsel for appellee made arguments to the court regarding the Rule 29 motion.  The trial court inquired of counsel for appellant as to whether he had any argument about the failure to control charge, and counsel for appellant stated he had no argument and appellant would plead guilty to that charge.  The trial judge then said he was, "going to find the defendant guilty of both a violation of the failure-to-control citation under 4511.202 as well as the amended charge of a violation of 4549.03."  Counsel for appellant then stated appellant wanted to testify.  After calling appellant to the stand, counsel for appellant moved for a mistrial because the trial court found appellant guilty of a violation of R.C. 4549.03.  The trial court denied the motion and apologized, stating he misspoke

and misunderstood appellant's position and thought appellant was resting his case. The trial court stated, "I can't find him guilty if he had not, in fact, rested and wished to present evidence."

{¶13} Appellant testified that he was driving at approximately 3:00 a.m. because he had a family friend who wanted some work done at her home. Since she leaves to go to work at 4:00 a.m., appellant wanted to get to the work site so she could instruct him on what to do. Appellant lost control of his vehicle and drove into the field while en route to her house. Appellant stated he knew who the owner of the field was and there were no houses in the immediate area where he went off the road. Appellant testified the owners of the field, the Reissers, are his neighbors.

{¶14} Appellant stated he told the witness he was fine and he was not injured. After the witness told appellant he already called dispatch, appellant said, "I'm on probation and I probably should have notified that I was going to be out this early but I have not done that yet, which that – it was one of them things where, once an accident happened, then it just clicked into my mind, shoot, I forgot to make the phone call to allow the proper people to know that I was going to do this job." Appellant continued, "so, yes, I did ask him if he could cancel it being that I was okay. I did not do it in an attempt to hide evidence or to run * * * I knew who owned the property. I would tend to it whenever I got off work." Appellant stated he then went to work for eight hours. When he returned at approximately noon, he took his car to the body shop, and then went to the sheriff's office to report the accident. Appellant testified he told the deputy he was going to notify the owners of the property of the accident, but the officer told him not to contact them. Appellant stated he was not intoxicated at the time of the accident and thought he did the

right thing because he knew who the owner was and he was going to contact him later that day.

{¶15} On cross-examination, appellant stated he is in a treatment in lieu program for aggravated possession of Percocet. Appellant stated he planned to get to the house between 3:10 a.m. and 3:15 a.m. to work and the person he was working for was the person who picked him up at the body shop in Coshocton at noon.

{¶16} Appellant testified he did not know the police were coming. Rather, he knew EMS was coming and asked Reigle to cancel because he did not need medical treatment. Counsel for appellee asked appellant, "why would you care about telling the EMS that you're on probation." Appellant, responded, "Um." Counsel for appellee continued, "you'd care because the cops are coming with the EMS; right?" Appellant responded "Umm. Yeah. I'm not sure what you're, like – no. How am I supposed to know? I'm not an EMS. I don't know if the police come with ---." Appellant testified he left the scene of the accident because he was going to work.

{¶17} Appellant renewed his Criminal Rule 29 motion. The trial court denied the motion. The trial court found appellant guilty of R.C. 4549.03 and failure to control; also, the trial court found appellant's testimony "doesn't really help his case." The trial court sentenced appellant to seven days in jail, stayed pending appeal. The trial court issued a judgment entry on October 16, 2019.

{¶18} Appellant appeals the October 16, 2019 judgment entry of the Coshocton Municipal Court and assigns the following as error:

{¶19} "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIM. R. 29 MOTION FOR ACQUITTAL.

**{¶20}** II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT A MISTRIAL AT THE CLOSE OF APPELLEE'S CASE-IN-CHIEF.

**{¶21}** III. THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY OF VIOLATING O.R.C. 4549.03, WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.

**{¶22}** IV. THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY OF VIOLATING O.R.C. 4549.03, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

### I. & III.

**{¶23}** In his first assignment of error, appellant argues the trial court erred by denying his Rule 29 motion for acquittal. In his third assignment of error, appellant contends the decision of the trial court finding appellant guilty of R.C. 4549.03 was against the sufficiency of the evidence.

**{¶24}** An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. *State v. Larry*, 5th Dist. Holmes No. 15CA011, 2016-Ohio-829. We therefore consider appellant's first and third assignments of error together. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), in which the Ohio Supreme Court held, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶25} Appellant was convicted of R.C. 4549.03 which provides, in pertinent, part:

(A) The driver of any vehicle involved in an accident resulting in damage to real property, or personal property attached to real property, legally upon or adjacent to a public road or highway immediately shall stop and take reasonable steps to locate and notify the owner or person in charge of the property of that fact, of the driver's name and address, and of the registration number of the vehicle the driver is driving * * *If the owner or person in charge of the property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to the property, within twenty-four hours after the accident, shall forward to the police department * * * the same information required to be given to the owner * * *and give the location of the accident and a description of the damage insofar as it is known.

(B) Whoever violates (A) of this section is guilty of failure to stop after an accident involving the property of others, a misdemeanor of the first degree.

{¶26} Appellant argues he was not required to conduct a reasonable search for the owner of the property since he knew who the owner was and since a reasonable search was impossible because there were no houses in the area and it was 3:00 a.m. in the morning. We disagree with appellant.

{¶27} It is undisputed that appellant was involved in an accident resulting in damage to property. R.C. 4549.03 makes clear that appellant, "immediately shall stop

and take reasonable steps to locate and notify the owner * * * of that fact."   Reigle witnessed the crash and testified that appellant asked Reigle to cancel the responding units because he was okay and because he was not allowed to be out that late at night. Appellant confirmed during his testimony that he asked Reigle to cancel dispatch because he was not injured.  Appellant also confirmed he was on probation and forgot to call his probation officer to tell him he was going to a job that morning.  Reigle advised appellant it was not a good idea to leave the scene until the deputies got there, but appellant got in his car and drove off.  Troyer testified that when he arrived on the scene, appellant was not at the scene of the accident.  Appellant testified he left the scene to go to work and was planning to notify the owner of the accident the next day.

{¶28}  The evidence establishes that appellant did not immediately stop and take reasonable steps to notify the owner of the accident, despite the fact that he knew the owner.  Appellant took no steps at all to locate and notify the owner of the accident and instead left the scene of the accident before the officer arrived several minutes later. Appellant could have taken reasonable steps to locate and notify the owner by waiting for the deputy to arrive at the scene. We agree with the First District's analysis in *Muchmore*, that, despite the late hour, appellant was in violation of the statute when he fled the scene and did not take any steps to notify the owner of the accident.  *State v. Muchmore*, 1st Dist. Hamilton No. C-140056, 2014-Ohio-5096 (overruling appellant's argument that there were no reasonable steps he could have taken late at night to locate the owner and overruling appellant's argument that he complied with the statute when he told police about the accident within the twenty-four-hour reporting period); see also *State v. Cecil*, 12th Dist. Brown No. CA99-06-020, 2000 WL 127076 (Jan. 31, 2000) (appellant's

conviction supported by ample evidence when the record shows appellant left the scene of the accident and did not take any steps to locate and notify the owner of the accident); *State v. Lott*, 5th Dist. Lickings Nos. 06CA27, 06CA28 (appellant failed to stop and take reasonable steps to locate and notify the owner of the property); *State v. Knowlton*, 4th Dist. Washington No. 10CA31, 2012-Ohio-2350 (overruling appellant's argument that he did not have the time or opportunity to locate the owner and affirming appellant's conviction because he did not stop and undertake a reasonable search to notify the owner).

{¶29} Appellant also contends he met with Troyer twelve hours later, within the twenty-four-hour period required by R.C. 4549.03, and Troyer told him not to contact the landowner. However, pursuant to the plain language of R.C. 4549.03, the twenty-four-hour time frame only becomes applicable, "if the owner or person in charge of the property cannot be located after reasonable search." In this case, appellant left the scene of the accident, knowing who the owner of the property was, and did not take immediate steps to notify the landowner of the accident. The evidence in the record is that appellant never notified the landowner of the accident, despite the fact that he knew the owner. Thus, the twenty-four-hour time frame is not applicable. *State v. Muchmore*, 1st Dist. Hamilton No. C-140056, 2014-Ohio-5096; *State v. Cecil*, 12th Dist. Brown No. CA99-020, 2000 WL 127076 (Jan. 31, 2000); *State v. Knowlton*, 4th Dist. Washington No. 10CA31 2012-Ohio-2350.

{¶30} Based on the testimony and evidence in this case, we find any rational trier of fact could have found the essential elements of R.C. 4549.03 proven beyond a reasonable doubt. We find sufficient evidence exists to support appellant's conviction

and the trial court properly denied appellant's Rule 29 motion. Appellant's first and third assignments of error are overruled.

II.

{¶31} In his second assignment of error, appellant asserts the trial court abused its discretion by failing to grant a mistrial after the close of appellee's case. Appellant contends the trial court prejudicially made a guilty finding before all the evidence was in the record.

{¶32} "Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 580 N.E.2d 1 (1991). The standard of review for evaluating a trial court's discretion to grant or deny a mistrial is abuse of discretion. *State v. Maurer*, 15 Ohio St.3d 239, 473 N.E.2d 768 (1984). In reviewing a claim that a mistrial should have been granted, the Ohio Supreme Court has noted, "[t]his court has instead adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." *State v. Shaffer*, 5th Dist. Richland No. 2003-CA-0108, 2004-Ohio-3717, quoting *State v. Widner*, 68 Ohio St.2d 188, 429 N.E.2d 1065 (1981). An abuse of discretion connotes more than an error of law or judgment. It implies that the trial court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶33} We find no abuse of discretion when the trial court denied the mistrial. After the trial court granted appellee's motion to amend, the trial court continued the trial. When the trial resumed several weeks later, counsel for appellant renewed his Rule 29 motion

for acquittal and the parties argued their respective positions. The trial court thought appellant was resting his case and stated he was going to find appellant guilty of R.C. 4511.202 and R.C. 4549.03. After counsel for appellant moved for a mistrial, the trial court stated he misunderstood appellant's position and thought appellant was resting his case. The case was tried to the trial judge, not a jury. When counsel for appellant stated that appellant wanted to testify, the trial judge immediately realized his mistake and stated, "I can't find him guilty if he had not, in fact rested and wished to present evidence." The trial court then permitted appellant to present testimony and evidence.

{¶34} We find no abuse of discretion when the trial court denied the mistrial. A mistrial is required when the ends of justice so require and a fair trial is no longer possible. This case does not rise to that level. Appellant's second assignment of error is overruled.

IV.

{¶35} In his fourth assignment of error, appellant argues the decision of the trial court was against the manifest weight of the evidence.

{¶36} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lots its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶37}** It is well-established, though, that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216. The trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. *Id.*

**{¶38}** After weighing the evidence and evaluating the credibility of the witnesses, with appropriate deference to the trier of fact's credibility determination, we cannot say that the trier of fact clearly lost its way and created a manifest injustice with regard to stopping after an accident involving damage to realty or personal property attached to real property. As detailed above, the testimony of Reigle and Troyer demonstrates that appellant did not immediately stop and take reasonable steps to locate and notify the owner of the accident. Rather, appellant left the scene of the accident. Appellant admits he left the scene, but testified he planned to take care of it the next day and was not attempting to evade the police. This is not the case where the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. Appellant's fourth assignment of error is overruled.

**{¶39}** Based on the foregoing, appellant's assignments of error are overruled.

{¶40}   The October 16, 2019 judgment entry of the Coshocton Municipal Court is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur